MAS-20030912    Case 1:03-cv-12278-JLA    Document 4    Filed 11/25/2003    Page 1 of 8    11/21/2003
aguiarká                            Commonwealth of Massachusetts                         09:43 AM
                                    BRISTOL SUPERIOR COURT
                                         Case Summary
                                         Civil Docket

# BRCV2003-01171
## Panagakos v Fostin Ind/Bldg Inspr et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 10/23/2003 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 11/21/2003 | **Session** | B - CtRm 2 - (Fall River) | |
| **Origin** | 1 | **Case Type** | D13 - Declaratory judgement (231A) | |
| **Lead Case** | | **Track** | A | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 01/21/2004 | **Answer** | 03/21/2004 | **Rule12/19/20** | 03/21/2004 |
| **Rule 15** | 01/15/2005 | **Discovery** | 12/11/2005 | **Rule 56** | 02/09/2006 |
| **Final PTC** | 06/09/2006 | **Disposition** | 10/22/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Michael W. Panagakos
Rochester, MA 02770
Active 10/23/2003

**Private Counsel 276840**
Gregory J Koldys
Mickelson Barnet & Associates
30 Cornell Street
New Bedford, MA 02740
Phone: 508-993-8800
Fax: 508-992-8031
Active 10/23/2003 Notify

**Defendant**
Wayne Fostin Ind/Bldg Inspr
Fairhaven, MA 02719
Served: 10/27/2003
Active 11/21/2003

**Private Counsel 106800**
Thomas P Crotty
Perry Hicks Crotty & Deshaies
388 County Street
New Bedford, MA 02740-4909
Phone: 508-996-8291
Fax: 508-997-2637
Active 11/05/2003 Notify

**Private Counsel 494020**
Joseph L Tehan
Kopelman & Paige PC
31 Saint James Avenue
7th Floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 11/20/2003 Notify

**Private Counsel 634131**
Katharine I Goree Doyle
Kopelman & Paige PC
31 Saint James Avenue
7th Floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 11/20/2003 Notify

MAS-20030912　　　　Case 1:03-cv-12278-JLA　　Document 4　　Filed 11/25/2003　　Page 2 of 18　　11/21/2003
aguiarka　　　　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　09:43 AM
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

## BRCV2003-01171
## Panagakos v Fostin Ind/Bldg Inspr et al

| Defendant | Private Counsel 106800 |
|---|---|
| Town of Fairhaven<br>Fairhaven, MA 02719<br>Served: 10/27/2003<br>Active 11/21/2003 | Thomas P Crotty<br>Perry Hicks Crotty & Deshaies<br>388 County Street<br>New Bedford, MA 02740-4909<br>Phone: 508-996-8291<br>Fax: 508-997-2637<br>Active 11/05/2003 Notify |
| | **Private Counsel 494020**<br>Joseph L Tehan<br>Kopelman & Paige PC<br>31 Saint James Avenue<br>7th Floor<br>Boston, MA 02116-4102<br>Phone: 617-556-0007<br>Fax: 617-654-1735<br>Active 11/20/2003 Notify |
| | **Private Counsel 634131**<br>Katharine I Goree Doyle<br>Kopelman & Paige PC<br>31 Saint James Avenue<br>7th Floor<br>Boston, MA 02116-4102<br>Phone: 617-556-0007<br>Fax: 617-654-1735<br>Active 11/20/2003 Notify |
| **Other interested party**<br>FILE COPY<br>Active 10/23/2003 Notify | |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/23/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 10/23/2003 | | Origin 1, Type D13, Track A. |
| 10/23/2003 | 2.0 | Notice of 93A complaint sent to Attorney General |
| 10/23/2003 | 3.0 | Plaintiff Michael Panagakos's ex-parte MOTION for appointment of special process server Constable George Grew |
| 10/23/2003 | | Complaint P#1, S.O.N. to issue returnable October 30, 2003 at 2 PM at Taunton Superior Court |
| 10/23/2003 | | MOTION (P#3) ALLOWED (John P. Connor, Jr., Justice) Notices given in hand October 23, 2003 |
| 10/23/2003 | 4.0 | Summons and order of notice issued; returnable October 30, 2003 |
| 10/30/2003 | 5.0 | Affidavit of Michael Panagakos |
| 10/30/2003 | 6.0 | Defendant Wayne Fostin Ind/Bldg Inspr, Town of Fairhaven's Opposition |

Case 1:03-cv-12278-JLA  Document 4  Filed 11/25/2003  Page 3 of 18

MAS-20030912
aguiarka

Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

11/21/2003
09:43 AM

## BRCV2003-01171
## Panagakos v Fostin Ind/Bldg Inspr et al

| Date | Paper | Text |
|---|---|---|
| | 6.0 | to Motion for Preliminary Injunction |
| 10/30/2003 | 7.0 | Affidavit of Steven D. Gioiosa, P.E. |
| 10/30/2003 | 8.0 | Affidavit of Wayne Fostin |
| 11/04/2003 | | SERVICE RETURNED (summons and order of notice, p#4): Wayne Fostin Ind/Bldg Inspr (in hand) and Town of Fairhaven (in hand: Eileen Lowney), services made on October 27, 2003 |
| 11/05/2003 | | PI # 1, the Complaint, 11/5/03 Preliminary injunction to issue, as stated below, upon the payment of $90 to the Clerk's Office. In this case the building inspector is exercising a mandatory function in issuing or denying building permits. If he fails to act, the applicant can proceed no further. Therefore, Wayne Fostin is preliminarily enjoined from refusing to act on the plaintiff's application and is ordered to issue or deny in writing the petitioner's application within 14 days. So that plaintiff may if aggrieved proceed to the Zoning Board of Appeals pursuant to G.L. ch. 40A, sections 7, 8, and 15, which would be his sole remedy. Clark, et. al. v. B.I. of Falmouth, 20 Mass. App. Ct. 206. (John Connor, Jr. Justice of the Superior Court) |
| 11/05/2003 | 9.0 | ORDER Preliminary Injuntion -- Defendant Wayne Fostin is preliminarily enjoined from refusing to act on plaintiff Michael Panagakos' application and is ordered to issue or deny in writing the plaintiff's application within 14 days. (John Connor, Jr., Justice of the Superior Court) |
| 11/20/2003 | 10.0 | Notice for Removal to the United States District Court filed by Wayne Fostin Ind/Bldg Inspr and Town of Fairhaven |
| 11/21/2003 | | Case REMOVED this date to US District Court of Massachusetts with (03CV12278WGY) endorsement thereon |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 10/23/2003 | CtRm Main - (Taunton) | Status: by clerk | Event held as scheduled |
| 10/30/2003 | CtRm Main - (Taunton) | Initial One-trial Review Motion/Hearing: prel inj #4, Summons and order of notice issued | Event held as scheduled |

A True Copy By Photostatic Process
Attest:
Asst. Clerk of Courts

#1

# COMMONWEALTH OF MASSACHUSETTS
## Superior Court Department

BRISTOL, SS.                                                Civil Action No. 03-1171

MICHAEL W. PANAGAKOS,        )
                             )
    Plaintiff               )
                             )
vs.                          )
                             )
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of )
Fairhaven, and the TOWN OF   )
FAIRHAVEN,                   )
                             )
    Defendants              )

*[Handwritten annotations: Preliminary injunction to issue, as stated below, upon the payment of $90 to the Clerk's office. 10/23/03  S.O.N. to issue 10/5/03 returnable 10/30/03 at 2PM at TSC.  /s/ [signature] Asst C/M]*

**VERIFIED COMPLAINT**

I.   **STATEMENT OF THE CASE**

    This is an action for injunctive and declaratory relief for relief in the nature of mandamus and for damages in which Plaintiff seeks a declaration and determination that Defendant Wayne Fostin's ("Fostin") refusal to issue Plaintiff a building permit regarding a proposed development of land located in Fairhaven, Massachusetts is arbitrary and capricious, deprives Plaintiff of his rights of equal protection and due process and is without legal justification, that Defendant Fostin has acted above and beyond the scope of his authority and has caused the Plaintiff damage, injunctive relief enjoining Defendants from failing and refusing to issue such permit and from further improper interference with Plaintiff's development of the premises and an award of damages for the delay suffered by Plaintiff in completing his development of the Premises.

*[Handwritten: In this case the building inspector is exercising a mandatory function in issuing or denying building permits. If he fails to act, the applicant can proceed no further. Therefore Wayne Fostin is preliminarily enjoined from refusing to act on the Plaintiff's application and is ordered to issue or deny in writing the petitioner's application within 14 days, so that Plaintiff may, if aggrieved, proceed to the Zoning Board of Appeals...]*

*[Right margin handwritten: ...Clark et al v. B.I. ... Lt. c.l. 40A 8, 7, 8 and 15 which would be the sole remedy...]*

II. **PARTIES**

2. Plaintiff Michael W. Panagakos is an individual residing in Rochester, Plymouth County, Massachusetts.

3. Defendant Wayne Fostin ("Fostin") is an individual residing on information and belief in Fairhaven, Bristol County, Massachusetts and is also the Building Inspector of the Town of Fairhaven.

4. Defendant, Town of Fairhaven is a duly incorporated town in Bristol County, Massachusetts.

III. **FACTS**

5. Plaintiff, a developer of real estate, is the owner of certain real estate located at 240 Bridge Street, Fairhaven, MA ("the Premises").

6. On or about April 22, 2003, Plaintiff submitted to Fostin an application for a foundation and/or building permit regarding the Premises, along with the required plans, approval from the Fire Department, Worker's Compensation Certificate, Notice of Availability of Sewer and Water from the Department of Public Works and Energy Compliance reports. A check for the application fee was tendered but not taken because the Building Department was not certain of what the fee would be. The applicant for the permit was Plaintiff's architect.

7. On or about April 30, 2003, Fostin responded by advising Plaintiff that a permit could not issue because (i) a special permit was required for drive-thru windows, (ii) the parking did not comply because the plans showed no fixed seating and (ii) the Plaintiff could not use controlled construction for a project the size of Plaintiff's proposed development and that a licensed construction supervisor would need to pull the permit.

8. On or about May 9, 2003, Plaintiff advised Fostin that Plaintiff would apply for said special permit for any drive-thru window. The plans did not specifically call for a drive-thru window. Plaintiff also filed with Fostin a fixed seating plan. Plaintiff also advised Fostin that although controlled construction was not required for the project, Plaintiff would use controlled construction with the Plaintiff's architect pulling the permit. Plaintiff also requested the issuance of a foundation only permit at that time.

9. On or about May 12, 2003, Fostin advised Plaintiff that the special permit process applied to the entire project and no permit of any kind could issue until the special permit process was complete. Plaintiff offered to remove any reference to a menu board from the plans to no avail.

10. On or about May 23, 2003, Fostin replied indicating that the fixed seating plan was insufficient with regard to parking issues but did not say why, that the plan did not provide needed detail for a Board of Health review, that Plaintiff would require curb cut and driveway approval from the DPW, that no permit could issue until a special permit was approved for the drive-thru window and, finally, that controlled construction could not be used and a licensed construction supervisor must be hired.

11. On or about June 5, 2003, Plaintiff advised Fostin that the plans submitted did not call for a drive-thru window; Plaintiff's fixed seating plan clearly showed the amount of fixed seating intended and that while the Building Code did not require the use of controlled construction on a project of this size, it does not preclude it. Plaintiff again requested at least a foundation permit.

12. In an effort to meet the ever changing requirements imposed by Mr. Fostin for the issuance of a building or foundation permit, Plaintiff sought approval of the proposed driveways and curb cuts from Macy Joseph, the Town Safety Officer ("Joseph"). On June 11, 2003, Plaintiff met with Joseph regarding said driveways and curb cuts and was advised by Joseph that the driveways and

3

curb cuts would not be approved because they failed to comply with the Town's curb cut regulations. Additionally, Joseph stated that he would recommend that no curb cuts be allowed on Alden Road, a street which abuts the Premises.

13. Plaintiff's proposed curb cuts and driveways fully comply with all DPW regulations. Said regulations specifically allow curb cuts and driveways on any street abutting a business property. On information and belief Joseph's refusal to approve Plaintiff's proposed curb cuts and driveways was at the direction of Fostin and not based on any failure of those proposed curb cuts to comply with DPW regulations.

14. On or about June 23, 2003 Plaintiff's engineer requested that the Superintendent of Public Works place the issue of Plaintiff's curb cut and driveways on the agenda for the Board of Public Works meeting to have the Board review the denial.

15. On information and belief, the Superintendent of the Department of Public Works advised Plaintiff's engineer that he could not approve Plaintiff's curb cuts and driveway without speaking with Fostin. The Superintendent also indicated that he could not place the matter on the agenda of the Board of Public Works without speaking with Town Counsel. On July 17, 21003, Plaintiff requested an explanation of how Fostin was involved in the DPW's review of driveways and curb cuts but never received a response.

16. On or about August 6, 2003 Plaintiff again renewed his request for a hearing before the Board of Public Works because he could not obtain approval of his conforming curb cuts and driveway through routine procedures. Plaintiff also requested that the issue of his inability to have the matter placed on the agenda also be considered by the Board.

17. On or about August 12, 2003, in response to Plaintiff's request of August 6, 2003, Plaintiff was advised by the Superintendent of Public Works that the failure to approve his curb cuts and driveway was due to a mix up regarding the plans being reviewed and that his curb cuts and driveway were now approved by the Superintendent of Public Works and the Safety Officer.

18. Upon approval of his curb cuts and driveway, Plaintiff renewed his permit request for a building permit, or at least a foundation permit.

19. Despite having all necessary approvals, Plaintiff was still refused a building or foundation permit presumably on the grounds that, (i) regardless of what Plaintiff's plans show, Fostin expects that Plaintiff will develop a drive-thru and will include more seating than shown on the seating plan and (ii) that Plaintiff still requires a licensed construction supervisor instead of an architect to pull the permit.

IV.   STATEMENT OF CLAIMS

**Count I**
**(Action in the nature of mandamus)**

20. Plaintiff realleges the allegations contained in paragraph 1-19 above and incorporates the same as if fully set forth herein.

21. Plaintiff has submitted all necessary plans and approvals for the issuance of a building permit.

22. Fostin's failure and refusal to issue a building permit to Plaintiff is unsupported by any Building Code provision or zoning ordinance.

23. As a result of Fostin's improper refusal to issue Plaintiff a building permit, Plaintiff has been and continues to be damaged.

## Count II
### (Violation of Equal Rights)

24. Plaintiff realleges the allegations contained in paragraph 1-23 above and incorporates the same as if fully set forth herein.

25. Fostin's imposition of requirements on Plaintiff for the issuance of a building permit which are not imposed on other similarly situation property owners is in violation of the Equal Protection Clause of the Constitution of the United States and the Commonwealth of Massachusetts.

26. Fostin's imposition of requirements above and beyond those stated in applicable statutes, laws, ordinances and regulations to Plaintiff's permit application while not applying those same requirements to other similarly situated property is not rationally related to any cognizable governmental interest and does not rationally further any legitimate governmental purpose.

27. As a result of Fostin's actions, Plaintiff has and will continue to suffer damage.

## Count III
### (Violation of Due Process)

28. Plaintiff realleges the allegations contained in paragraph 1-27 above and incorporates the same as if fully set forth herein.

29. Fostin's actions in denying Plaintiff a building or foundation permit is not based on any statute, ordinance or regulation which Fostin is charged with enforcing but is instead based on the arbitrary and capricious whim of Fostin and, as such, violates Plaintiff's rights of due process under the Constitution of the United States and of the Commonwealth of Massachusetts.

30. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages.

## Count IV
### (Equal Rights Act)

31. Plaintiff realleges the allegations contained in paragraph 1-30 above and incorporates the same as if fully set forth herein.

32. The actions of Defendants described above violated and deprived Plaintiff of his rights under the Massachusetts Equal Rights Statutes, G.L. c. 93 §102 et. seq.

33. As a result of the actions of Defendants, Plaintiff has suffered and will continue to suffer damages.

## Count V
### (Civil Conspiracy)

34. Plaintiff realleges the allegations contained in paragraph 1-33 above and incorporates the same as if fully set forth herein.

35. The actions of Defendants constitute concerted actions to improperly interfere with Plaintiff's development of the Premises and to deprive Plaintiff of the benefit of developing the Premises.

36. As a result of the actions of Defendants, Plaintiff has suffered and will continue to suffer damages.

## Count VI
### (Declaratory Judgment)

37. Plaintiff realleges the allegations contained in paragraph 1-36 above and incorporates the same as if fully set forth herein.

38. Plaintiff's application for a building permit and the plans related thereto meet the requirements of all applicable statutes, ordinances and regulations.

39. The refusal of Fostin to issue a building permit despite Plaintiff's compliance with said statutes, ordinances and regulations has caused and continues to cause Plaintiff substantial damages.

40. An actual controversy exists regarding Fostin's authority to continue to deny or delay issuance of a building permit to Plaintiff.

## V.   PRAYERS FOR RELIEF

Wherefore Plaintiff prays that the Court:

1. Issue a short order of notice, returnable within two days for a hearing on Plaintiff's request for a preliminary injunction as set forth in Prayers 2 and 6.

2. After hearing, preliminarily enjoin Defendant Wayne Fostin, his agents, servants, employees, contractors and attorneys, and those acting in concert or participation with them, (i) from denying or delaying the issuance of a building permit for construction of a building in accordance with the plan previously submitted to Defendant Fostin or from conditioning the issuance of said permit on Plaintiff's obtaining Health Department approval or a special permit for a drive-thru window.

3. After trial, permanently enjoin the Defendant Wayne Fostin, his agents, servants, employees, contractors and attorneys, and those acting in concert or participation with them, in the form set forth in Prayer 2 above.

4. Determine and declare that Plaintiff's building plans and permit application comply with all applicable statutes, laws, ordinances and regulations, and that the issuance of a permit for said work cannot be conditioned on approvals for matters not reflected on said plans.

5. Issue an order directing the Defendant Wayne Fostin issue the building permit allowing construction in accordance with said plans.

6. Issue a judgment for damages against the Defendants in an amount determined by the Court to be sufficient to compensate Plaintiff for the harm he suffered together with interest, costs and reasonable attorney's fees.

7. Grant such other and further relief as the court deems just.

8

## JURY DEMAND

Plaintiff hereby demands trial by jury on all counts so triable.

MICHAEL W. PANAGAKOS,
By his attorney,

_____
Gregory J. Koldys
MICKELSON • BARNET, P.C.
30 Cornell Street
New Bedford, MA  02740
Telephone (508) 993-8800
BBO #276840

Dated: 10/23/03

## VERIFICATION

I, Michael W. Panagakos, being duly sworn, depose and say that I am the Plaintiff in the within entitled action, that I have read the foregoing complaint and know the contents thereof; and that the same is true of my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe it to be true.

_____
Michael W. Panagakos

A True Copy By Photostatic Process
Attest:
_____
Asst. Clerk of Courts

D/PANAGAKOS/VS. TOWN OF FAIRHAVEN/COMPLAINT

9

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) BO3-1171 | Trial Court of Massachusetts Superior Court Department County: BRISTOL |
|---|---|---|
| PLAINTIFF(S) Michael W. Panagakos | | DEFENDANT(S) Wayne Fostin, individually and as Building Inspector of the Town of Fairhaven and the Town of Fairhaven |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 993-8800 Gregory J. Koldys, Mickelson Barnet, P.C., 30 Cornell St., New Bedford, MA 02740 Board of Bar Overseers number: 276840 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | ( A ) | ( X ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $..........
2. Total Doctor expenses ............................................ $..........
3. Total chiropractic expenses ...................................... $..........
4. Total physical therapy expenses ................................. $..........
5. Total other expenses (describe) .................................. $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ................ $..........
C. Documented property damages to date .......................... $..........
D. Reasonably anticipated future medical and hospital expenses ... $..........
E. Reasonably anticipated lost wages .............................. $..........
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $..........
   TOTAL $..........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Gregory J. Koldys_ DATE: 10/23/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

C.A. NO.: 2003-011

BRISTOL, ss.

MICHAEL W. PANAGAKOS,
           Plaintiff

v.

WAYNE FOSTIN, individually and as
He is the Building Commissioner of the
Town of Fairhaven, and the TOWN OF
FAIRHAVEN,
           Defendants

BRISTOL, SS SUPERIOR
FILED
OCT 0 003

## AFFIDAVIT OF WAYNE FOSTIN

I, Wayne Fostin, hereby depose and state:

1. I am the duly appointed Building Commissioner for the Town of Fairhaven.

2. I have held this position for over 15 years.

3. On or about April 22, 2003, plaintiff, through his attorney, filed an application for a building permit for the construction of a fast food restaurant on property he owns at 240 Bridge Street, Fairhaven, Massachusetts (the "Property"). The plans submitted with the application showed a fast-food establishment with a driveway leading past what the plans labeled as a "menu board", to a window at the outside wall of the building.

4. On or about April 30, 2003, I informed the plaintiff that I could not issue a permit in connection with the application because the application failed to comply with the applicable building code and zoning bylaws and regulations. Among other things, the application showed a use (drive through window) which requires a special permit in the Town of Fairhaven, the parking did not comply with zoning requirements, and the plaintiff was not permitted to use "controlled construction" for the project.

5. From May 9 through June 5, 2003, I engaged in several discussions with the plaintiff, through his attorney and agents, regarding the requirements for the proposed construction. I repeatedly informed plaintiff that the

A True Copy By Photostatic Process
Attest:
_____
Asst. Clerk of Courts

## COMMONWEALTH OF MASSACHUSETTS
### Superior Court Department

BRISTOL, SS.                                              Civil Action No. BRCV2003-01171-B

MICHAEL W. PANAGAKOS, )
                                                 )
    Plaintiff              )
                                                 )
vs.                                          )
                                                 )
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of        )
Fairhaven, and the TOWN OF            )
FAIRHAVEN,                               )
                                                 )
    Defendants           )

### AFFIDAVIT OF STEVEN D. GIOIOSA, P.E.

I, Steven D. Gioiosa, P.E., hereby state as follows:

1. I am a professional engineer employed at Sitec, Inc. I have performed engineering work for the Plaintiff, Michael W. Panagakos for a number of years. I performed engineering services regarding Mr. Panagakos' proposed development of the property at Bridge Street in Fairhaven, MA. I have personal knowledge of the facts stated herein except as stated to be on information and belief, and as to those I believe them to be true.

2. A Form "A: Plan combining Lots 15A and 16 as shown on Assessors Map 36 was filed with the Town on March 7, 2003 and signed by the Planning Board on March 11, 2003. This plan eliminated an interior lot line which opened the way for a building permit application by simplifying the setback issues for Mr. Panagakos' property in Bridge Street.

3. SITEC initiated the preparation of site design plans during the Fall of 2002. A site plan was filed with the building department in late February or early March 2003 for review by Wayne Fostin, Building Inspector.

4. On April 20, 2003 Mr. Fostin issued a comment letter identifying three issues which he felt needed to be addressed prior to the issuance of permits. These items were as follows:

    a) Drive-through lane requires special permit prior to the issuance of a building permit;

    b) No "definitive layout as to fixed seating" was presented for verification of the plan's compliance with the Town's parking code;

      c)    Mr. Fostin stated that the project did not fall under the controlled construction requirements and therefore a contractor with a Construction Supervisor License must sign for the permit.

5. At the direction of Mr. Panagakos, the site plans were modified to eliminate the proposed drive through which addressed Mr. Fostin's first comment.

6. A fixed seating plan was prepared and submitted to the Town in early May 2003. This plan clearly showed the size and location of the proposed fixed seating and this plan complies with all applicable codes and standard engineering practices. This plan clearly demonstrates the site plan's compliance with the parking requirement of the Town which, for the proposed use, is base don the number of fixed seats.

7. In response to Mr. Fostin's comment regarding the Controlled Construction issue, I reviewed the State Building Code and I reviewed this matter with a building inspector from another Town. Based on this review it is my professional opinion that the State Building Code has set standards for projects that require controlled construction, however, the Code does not prohibit projects of this smaller size from operating under these regulations. Based on a review of the Code, it is clear that a permit for this project can be issued to an individual licensed by the Commonwealth to oversee a controlled construction project.

8. On May 23, 2003 Mr. Fostin issued a second review letter which outlined his reasons for refusing to issue a permit after reviewing the revised plans. Mr. Fostin stated that the seating plan was inadequate in regards to the parking issues. Mr. Fostin failed to state why he believes this plan is inadequate. He also indicated that he would require a driveway opening permit issued by the Fairhaven Board of Public Works prior to the issuance of the Building Permit. Mr. Fostin indicated in his letter that the issues raised in his April 30th letter remained "open" and no action on this application would be taken at this time.

9. On June 4, 2003 a plan and application for a driveway permit was delivered to the Fairhaven Safety Officer for his review and approval. On June 6, 2003 the safety officer disapproved the application stating that the number of driveways "exceeds max. allowed".

10. On June 17, 2003 I hand-delivered and mailed by certified mail a memo to the Safety Officer outlining the project's compliance with the Town's Driveway Rules and Regulations. These Regulations were provided to me by Mr. Robert Carey, P.E. Superintendent of Public Works on April 29, 2003. the memo submitted to the safety officer clearly outlined the project's compliance with the Regulations relative to the number and size of the driveways.

11. On June 18, 2003, Mr. Carey disapproved the application for driveway permits with the comment that they "need a waiver for drive opening". No further explanation was provided.

12. On June 24, 2003, a memorandum that was prepared by me and dated June 23, 2003 was sent by certified mail to Mr. Carey. This memo restated our position that the driveway plans were in compliance with the Town Regulation and this memo referred to my June 16th memo to the Safety Officer. This June 16th memo was attached for Mr. Carey's review.

13. On August 12, 2003 Mr. Carey issued the requested driveway permit. This permit was issued with no required plan modifications.

2

A True Copy By Photostatic Process
Attest:
_____
Asst Clerk of Courts

H S   10/30/03

# COMMONWEALTH OF MASSACHUSETTS
## Superior Court Department

BRISTOL, SS.                                      Civil Action No. BRCV2003-01171-B

MICHAEL W. PANAGAKOS,         )
                              )
        Plaintiff             )
                              )
vs.                           )
                              )
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of )
Fairhaven, and the TOWN OF    )
FAIRHAVEN,                    )
                              )
        Defendants            )



BRISTOL, SS SUPERIOR COURT
FILED
OCT 0 2003
MARC J. SANTOS, ESQ.
CLERK MAGISTRATE

### AFFIDAVIT

I, Michael W. Panagakos, hereby state as follows:

1.  I reside in Rochester, Plymouth County, Massachusetts, and am the plaintiff in the above captioned action. I have personal knowledge of the facts stated herein except as stated to be on information and belief, and as to those I believe them to be true.

2.  I am a commercial real estate developer engaged in development of commercial sites in Fairhaven and surrounding cities and towns. I have been a real estate developer for over 25 years and have developed numerous properties in Southeastern Massachusetts.

3.  I am the owner of land at the intersection of Bridge Street and Alden Road in Fairhaven, Massachusetts (the "Premises").

4.  At the beginning of the year, I submitted plans for the development of the Premises to Wayne Fostin, the Building Commissioner for the Town of Fairhaven, seeking a building permit or at least a foundation permit. Mr. Fostin advised me that I needed to obtain approvals from a number of town departments prior to submitting the application for a building permit. I am aware of no other town or city in the area which requires an applicant for a building permit to obtain the approval of town departments prior to submitting the application for a building permit. Nevertheless, I complied with Mr. Fostin's directions and obtained the documentation he requested.

5.  On or about April 22, 2003, I submitted the application for a building and/or foundation permit to Mr. Fostin along with the approvals and information he requested. Notwithstanding that submission, Mr. Fostin refused to issue a building or foundation permit, imposing additional requirements as detailed in the verified complaint in this action. In my efforts to meet those

additional requirements, it became apparent to me that Mr. Fostin was taking steps to preclude me from meeting those additional requirements.

6. On information and belief, I have submitted plans and approvals which entitle me to a building permit for the Premises. The plans and approvals I have submitted comply with the Zoning Ordinances of Fairhaven and the Building Code. Nevertheless, Mr. Fostin continues to refuse to issue a permit. Mr. Fostin's continued refusal has delayed development of the Premises for six months to date. Further delay will likely prevent development until spring due to winter weather.

7. I had a prospective tenant for the Premises which would have paid annual rent of approximately $60,000. As a result of the delay in development, I have lost months of rent and may have lost the tenant entirely. In addition, if the delay continues into winter I will lose the ability to commence construction until next spring, resulting in further losses.

8. Mr. Fostin has previously expressed his animosity toward me. He has expressed that animosity to a tenant of mine while taking steps to continually harass that tenant in his business operation. I believe that Mr. Fostin's personal animosity toward me is one of the reasons for my inability to obtain a permit for the development of the Premises.

Signed under the penalties of perjury this 28th day of October, 2003.

Michael W. Panagakos

D/PANAGAKOS/VS. TOWN OF FAIRHAVEN/AFF OF M. PANAGAKOS

A True Copy By Photostatic Process
Attest:
_____
Asst. Clerk of Courts

2