COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.   SUPERIOR COURT
C.A. NO. 2003-01171

MICHAEL W. PANAGAKOS,

　　Plaintiff

v.

WAYNE FOSTIN, individually and as Building Inspector of the Town of Fairhaven, TOWN OF FAIRHAVEN,

　　Defendant

WRITTEN NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

TO:   Michael W. Panagakos

　　Through his attorney,

　　Gregory J. Koldys, Esq.
　　Mickelson Barnet, P.C.
　　309 Cornell Street
　　New Bedford, MA 02740

AND:   Clerk, Civil
　　Bristol Superior Court
　　9 Court Street
　　Taunton, MA 02780

Please take notice that a Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Bristol County, to the United States District Court for the District of Massachusetts (a copy of which Notice of Removal is annexed hereto) was duly filed in the United States District Court for the District of Massachusetts.

Please take further notice of this Notice and a copy of the Notice of Removal has been duly filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Bristol County, which filing removes this action and, in accordance with 28 U.S.C. §1446(d),

the Superior Court shall proceed no further herein unless and until the case is remanded by the United States District Court.

DEFENDANTS,

By their attorneys,

*/s/ Katharine Doyle*

Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

206207/Metg/0502

A True Copy By Photostatic Process
Attest:
_____
Asst. Clerk of Courts

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

03-12278 WGY COPY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael W. Panagakos

### DEFENDANTS
Wayne Fostin, individually and as Building Inspector of the Town of Fairhaven, Town of Fairhaven

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Bristol
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory J. Koldys, Esq.
Mickelson Barnet, P.C.
309 Cornell Street
New Bedford, MA 02740

ATTORNEYS (IF KNOWN)
Joseph L. Tehan, Jr., Esq. (BBO #494020)
Katharine Goree Doyle, Esq. (BBO# 634131)
Kopelman and Paige, P.C., 31 St. James Avenue
Boston, MA 02116 Tele # (617) 556-0007

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff claims that the defendants violated his rights under the Fourteenth Amendment to the U.S. Constitution, and seeks injunctive relief and damages pursuant to 42 U.S.C. Section 1983.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: Bristol Superior Court
DOCKET NUMBER: 03-01171

DATE: 11/17/03

SIGNATURE OF ATTORNEY OF RECORD: [signature] Katharine Doyle

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CIVIL CATEGORY SHEET

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS



1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____
   Panagakos v. Fostin, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   
   _X_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   
   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   
   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   
   ___ V. 150, 152, 153.

   **03cv12278 WGY**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   Panagakos v. Fostin, et al, Bristol Superior Court, C.A. No. 03-01171

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐  NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC § 2403)
   YES ☐  NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S.A. PARTY?
   YES ☐  NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?
   YES ☐  NO ☒

7. DO ALL OF ALL THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION?—(SEE LOCAL RULE 40.1(D)).
   YES ☒  NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
   EASTERN DIVISION ☒   CENTRAL DIVISION ☐   WESTERN DIVISION ☐
   
   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
   EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Joseph L. Tehan, Jr., Esq. and Katharine Goree Doyle, Esq.
ADDRESS Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116
TELEPHONE NO. (617) 556-0007

(Categfrm.rev - 11/00)

[Court seal with certification stamp: "THAT THE... IS A FULL, T... AND C... GINAL ON FIL... N MY O... ODY." dated 11-17-03] COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No._____

MICHAEL W. PANAGAKOS,

    Plaintiff

v.

WAYNE FOSTIN, individually and as Building Inspector of the Town of Fairhaven, TOWN OF FAIRHAVEN,

    Defendant

NOTICE OF REMOVAL

03-12278 WGY

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now come the defendant pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court of the Commonwealth of Massachusetts, County of Bristol, where it is currently pending, based upon the following grounds:

1. This is an action in which the plaintiff alleges violations of his civil rights under the Fourteenth Amendment to the U.S. Constitution and seeks relief presumably pursuant to 42 U.S.C. §1983 (Counts II, III). See Complaint, ¶24-30, affixed hereto and incorporated by reference. The plaintiff also asserts state law claims: seeking a writ of mandamus (Count I); alleging violations of the Massachusetts Equal Rights Act (Count IV); alleging civil conspiracy (Count V) and seeking declaratory judgment (Count VI).

2. This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28 U.S.C. §1441.

3.  This Removal is timely, as this action was first served on the defendant on October 27, 2003.

4.  All defendants have consented to the removal of the matter to the United States District Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

DEFENDANTS,

By their attorneys,

*[signature]*

Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

206200/Metg/0502

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 11/12/03

*[signature]*

2

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# BRCV2003-01171

Michael W. Panagakos
, Plaintiff(s)

vs.

Wayne Fostin Ind/Bldg Inspr,
and the Town of Fairhaven
, Defendant(s)

### SUMMONS AND ORDER OF NOTICE

To the above-named Defendant(s):

You are hereby summoned and required to serve upon **Gregory J Koldys, Esquire**, plaintiff's attorney, whose address is **Mickelson Barnet & Associates 30 Cornell Street New Bedford, MA 02740**, an answer to the complaint/cross claim/counterclaim which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint/ cross claim/counterclaim. You are also required to file your answer to the complaint/ cross claim/counterclaim in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Bristol County Superior Court, in Taunton on **10/30/2003, at 02:00 PM in CtRm - Main (Taunton)**, at which time you may appear and show cause why such application should not be granted.

Witness, Suzanne V. DelVecchio, Esquire, Chief Justice of the Superior Court, at Taunton, Massachusetts this 23rd day of October, 2003.

................................................
Assistant Clerk

**(AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)**

COMMONWEALTH OF MASSACHUSETTS
Superior Court Department

BRISTOL, SS.                                         Civil Action No. BECV2003-0117

MICHAEL W. PANAGAKOS,        )
                             )
     Plaintiff               )
                             )
vs.                          )
                             )
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of )
Fairhaven, and the TOWN OF   )
FAIRHAVEN,                   )
                             )
     Defendants              )

## VERIFIED COMPLAINT

### I. STATEMENT OF THE CASE

This is an action for injunctive and declaratory relief for relief in the nature of mandamus and for damages in which Plaintiff seeks a declaration and determination that Defendant Wayne Fostin's ("Fostin") refusal to issue Plaintiff a building permit regarding a proposed development of land located in Fairhaven, Massachusetts is arbitrary and capricious, deprives Plaintiff of his rights of equal protection and due process and is without legal justification, that Defendant Fostin has acted above and beyond the scope of his authority and has caused the Plaintiff damage, injunctive relief enjoining Defendants from failing and refusing to issue such permit and from further improper interference with Plaintiff's development of the premises and an award of damages for the delay suffered by Plaintiff in completing his development of the Premises.

II. **PARTIES**

2. Plaintiff Michael W. Panagakos is an individual residing in Rochester, Plymouth County, Massachusetts.

3. Defendant Wayne Fostin ("Fostin") is an individual residing on information and belief in Fairhaven, Bristol County, Massachusetts and is also the Building Inspector of the Town of Fairhaven.

4. Defendant, Town of Fairhaven is a duly incorporated town in Bristol County, Massachusetts.

III. **FACTS**

5. Plaintiff, a developer of real estate, is the owner of certain real estate located at 240 Bridge Street, Fairhaven, MA ("the Premises").

6. On or about April 22, 2003, Plaintiff submitted to Fostin an application for a foundation and/or building permit regarding the Premises, along with the required plans, approval from the Fire Department, Worker's Compensation Certificate, Notice of Availability of Sewer and Water from the Department of Public Works and Energy Compliance reports. A check for the application fee was tendered but not taken because the Building Department was not certain of what the fee would be. The applicant for the permit was Plaintiff's architect.

7. On or about April 30, 2003, Fostin responded by advising Plaintiff that a permit could not issue because (i) a special permit was required for drive-thru windows, (ii) the parking did not comply because the plans showed no fixed seating and (ii) the Plaintiff could not use controlled construction for a project the size of Plaintiff's proposed development and that a licensed construction supervisor would need to pull the permit.

2

8. On or about May 9, 2003, Plaintiff advised Fostin that Plaintiff would apply for said special permit for any drive-thru window. The plans did not specifically call for a drive-thru window. Plaintiff also filed with Fostin a fixed seating plan. Plaintiff also advised Fostin that although controlled construction was not required for the project, Plaintiff would use controlled construction with the Plaintiff's architect pulling the permit. Plaintiff also requested the issuance of a foundation only permit at that time.

9. On or about May 12, 2003, Fostin advised Plaintiff that the special permit process applied to the entire project and no permit of any kind could issue until the special permit process was complete. Plaintiff offered to remove any reference to a menu board from the plans to no avail.

10. On or about May 23, 2003, Fostin replied indicating that the fixed seating plan was insufficient with regard to parking issues but did not say why, that the plan did not provide needed detail for a Board of Health review, that Plaintiff would require curb cut and driveway approval from the DPW, that no permit could issue until a special permit was approved for the drive-thru window, and, finally, that controlled construction could not be used and a licensed construction supervisor must be hired.

11. On or about June 5, 2003, Plaintiff advised Fostin that the plans submitted did not call for a drive-thru window; Plaintiff's fixed seating plan clearly showed the amount of fixed seating intended and that while the Building Code did not require the use of controlled construction on a project of this size, it does not preclude it. Plaintiff again requested at least a foundation permit.

12. In an effort to meet the ever changing requirements imposed by Mr. Fostin for the issuance of a building or foundation permit, Plaintiff sought approval of the proposed driveways and curb cuts from Macy Joseph, the Town Safety Officer ("Joseph"). On June 11, 2003, Plaintiff met with Joseph regarding said driveways and curb cuts and was advised by Joseph that the driveways and

curb cuts would not be approved because they failed to comply with the Town's curb cut regulations. Additionally, Joseph stated that he would recommend that no curb cuts be allowed on Alden Road, a street which abuts the Premises.

13. Plaintiff's proposed curb cuts and driveways fully comply with all DPW regulations. Said regulations specifically allow curb cuts and driveways on any street abutting a business property. On information and belief Joseph's refusal to approve Plaintiff's proposed curb cuts and driveways was at the direction of Fostin and not based on any failure of those proposed curb cuts to comply with DPW regulations.

14. On or about June 23, 2003 Plaintiff's engineer requested that the Superintendent of Public Works place the issue of Plaintiff's curb cut and driveways on the agenda for the Board of Public Works meeting to have the Board review the denial.

15. On information and belief, the Superintendent of the Department of Public Works advised Plaintiff's engineer that he could not approve Plaintiff's curb cuts and driveway without speaking with Fostin. The Superintendent also indicated that he could not place the matter on the agenda of the Board of Public Works without speaking with Town Counsel. On July 17, 21003, Plaintiff requested an explanation of how Fostin was involved in the DPW's review of driveways and curb cuts but never received a response.

16. On or about August 6, 2003 Plaintiff again renewed his request for a hearing before the Board of Public Works because he could not obtain approval of his conforming curb cuts and driveway through routine procedures. Plaintiff also requested that the issue of his inability to have the matter placed on the agenda also be considered by the Board.

4

17. On or about August 12, 2003, in response to Plaintiff's request of August 6, 2003, Plaintiff was advised by the Superintendent of Public Works that the failure to approve his curb cuts and driveway was due to a mix up regarding the plans being reviewed and that his curb cuts and driveway were now approved by the Superintendent of Public Works and the Safety Officer.

18. Upon approval of his curb cuts and driveway, Plaintiff renewed his permit request for a building permit, or at least a foundation permit.

19. Despite having all necessary approvals, Plaintiff was still refused a building or foundation permit presumably on the grounds that, (i) regardless of what Plaintiff's plans show, Fostin expects that Plaintiff will develop a drive-thru and will include more seating than shown on the seating plan and (ii) that Plaintiff still requires a licensed construction supervisor instead of an architect to pull the permit.

IV. STATEMENT OF CLAIMS

Count I
(Action in the nature of mandamus)

20. Plaintiff realleges the allegations contained in paragraph 1-19 above and incorporates the same as if fully set forth herein.

21. Plaintiff has submitted all necessary plans and approvals for the issuance of a building permit.

22. Fostin's failure and refusal to issue a building permit to Plaintiff is unsupported by any Building Code provision or zoning ordinance.

23. As a result of Fostin's improper refusal to issue Plaintiff a building permit, Plaintiff has been and continues to be damaged.

5

## Count II
### (Violation of Equal Rights)

24. Plaintiff realleges the allegations contained in paragraph 1-23 above and incorporates the same as if fully set forth herein.

25. Fostin's imposition of requirements on Plaintiff for the issuance of a building permit which are not imposed on other similarly situation property owners is in violation of the Equal Protection Clause of the Constitution of the United States and the Commonwealth of Massachusetts.

26. Fostin's imposition of requirements above and beyond those stated in applicable statutes, laws, ordinances and regulations to Plaintiff's permit application while not applying those same requirements to other similarly situated property is not rationally related to any cognizable governmental interest and does not rationally further any legitimate governmental purpose.

27. As a result of Fostin's actions, Plaintiff has and will continue to suffer damage.

## Count III
### (Violation of Due Process)

28. Plaintiff realleges the allegations contained in paragraph 1-27 above and incorporates the same as if fully set forth herein.

29. Fostin's actions in denying Plaintiff a building or foundation permit is not based on any statute, ordinance or regulation which Fostin is charged with enforcing but is instead based on the arbitrary and capricious whim of Fostin and, as such, violates Plaintiff's rights of due process under the Constitution of the United States and of the Commonwealth of Massachusetts.

30. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages.

## Count IV
### (Equal Rights Act)

31. Plaintiff realleges the allegations contained in paragraph 1-30 above and incorporates the same as if fully set forth herein.

32. The actions of Defendants described above violated and deprived Plaintiff of his rights under the Massachusetts Equal Rights Statutes, G.L. c. 93 §102 et. seq.

33. As a result of the actions of Defendants, Plaintiff has suffered and will continue to suffer damages.

## Count V
### (Civil Conspiracy)

34. Plaintiff realleges the allegations contained in paragraph 1-33 above and incorporates the same as if fully set forth herein.

35. The actions of Defendants constitute concerted actions to improperly interfere with Plaintiff's development of the Premises and to deprive Plaintiff of the benefit of developing the Premises.

36. As a result of the actions of Defendants, Plaintiff has suffered and will continue to suffer damages.

## Count VI
### (Declaratory Judgment)

37. Plaintiff realleges the allegations contained in paragraph 1-36 above and incorporates the same as if fully set forth herein.

38. Plaintiff's application for a building permit and the plans related thereto meet the requirements of all applicable statutes, ordinances and regulations.

39. The refusal of Fostin to issue a building permit despite Plaintiff's compliance with said statutes, ordinances and regulations has caused and continues to cause Plaintiff substantial damages.

40. An actual controversy exists regarding Fostin's authority to continue to deny or delay issuance of a building permit to Plaintiff.

V. <u>PRAYERS FOR RELIEF</u>

Wherefore Plaintiff prays that the Court:

1. Issue a short order of notice, returnable within two days for a hearing on Plaintiff's request for a preliminary injunction as set forth in Prayers 2 and 6.

2. After hearing, preliminarily enjoin Defendant Wayne Fostin, his agents, servants, employees, contractors and attorneys, and those acting in concert or participation with them, (i) from denying or delaying the issuance of a building permit for construction of a building in accordance with the plan previously submitted to Defendant Fostin or from conditioning the issuance of said permit on Plaintiff's obtaining Health Department approval or a special permit for a drive-thru window.

3. After trial, permanently enjoin the Defendant Wayne Fostin, his agents, servants, employees, contractors and attorneys, and those acting in concert or participation with them, in the form set forth in Prayer 2 above.

4. Determine and declare that Plaintiff's building plans and permit application comply with all applicable statutes, laws, ordinances and regulations, and that the issuance of a permit for said work cannot be conditioned on approvals for matters not reflected on said plans.

5. Issue an order directing the Defendant Wayne Fostin issue the building permit allowing construction in accordance with said plans.

6. Issue a judgment for damages against the Defendants in an amount determined by the Court to be sufficient to compensate Plaintiff for the harm he suffered together with interest, costs and reasonable attorney's fees.

7. Grant such other and further relief as the court deems just.

8

## JURY DEMAND

Plaintiff hereby demands trial by jury on all counts so triable.

                    MICHAEL W. PANAGAKOS,
                    By his attorney,

                    _____
                    Gregory J. Koldys
                    MICKELSON • BARNET, P.C.
                    30 Cornell Street
                    New Bedford, MA 02740
                    Telephone (508) 993-8800
                    BBO #276840

Dated: 10/23/03

## VERIFICATION

I, Michael W. Panagakos, being duly sworn, depose and say that I am the Plaintiff in the within entitled action, that I have read the foregoing complaint and know the contents thereof; and that the same is true of my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe it to be true.

                    _____
                    Michael W. Panagakos

D/PANAGAKOS/VS. TOWN OF FAIRHAVEN/COMPLAINT

9

COMMONWEALTH OF MASSACHUSETTS
Superior Court Department

BRISTOL, SS.                                             Civil Action No. 03-1171

MICHAEL W. PANAGAKOS,           )
                                )
        Plaintiff               )
                                )
vs.                             )
                                )
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of )
Fairhaven, and the TOWN OF      )
FAIRHAVEN,                      )
                                )
        Defendants              )

## EX PARTE MOTION FOR APPROVAL OF SPECIAL PROCESS SERVER

Plaintiff hereby moves that this Court approve Constable George Grew as a special process server in this case.

In support of this motion, Plaintiff states that the Constable will be prepared to attempt in-hand service in a timely manner.

                                MICHAEL W. PANAGAKOS,
                                By his attorney,

                                _____
                                Gregory J. Koldys
                                MICKELSON & BARNET, P.C.
                                30 Cornell Street
                                New Bedford, MA  02740
                                Telephone (508) 993-8800
                                BBO #276840

Dated: October 21, 2003

d/pana/vs town fair/mot-special

Commonwealth of Massachusetts
County of Bristol
The Superior Court

Civil Docket BRCV2003-01171

RE: Panagakos v Fostin Ind/Bldg Inspr et al

TO: Gregory J Koldys, Esquire
Mickelson Barnet & Associates
30 Cornell Street
New Bedford, MA 02740

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 10/23/2003:

RE: Plaintiff Michael Panagakos's ex-parte MOTION for appointment of special process server Constable George Grew

is as follows:

MOTION (P#3) ALLOWED (John P. Connor, Jr., Justice) Notices given in hand October 23, 2003

Dated at Taunton, Massachusetts this 23rd day of October, 2003.

Marc J. Santos,
Clerk of the Courts

BY:

Mark A. Ferriera
Assistant Clerk

Telephone: (508) 823-6588

Copies given in hand 10/23/2003

## COMMONWEALTH OF MASSACHUSETTS
### Superior Court Department

BRISTOL, SS.                                          Civil Action No. BRCV2003-01171-B

MICHAEL W. PANAGAKOS,   )
                        )
    Plaintiff           )
                        )
vs.                     )
                        )
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of )
Fairhaven, and the TOWN OF        )
FAIRHAVEN,              )
                        )
    Defendants          )

### AFFIDAVIT

I, Michael W. Panagakos, hereby state as follows:

1. I reside in Rochester, Plymouth County, Massachusetts, and am the plaintiff in the above captioned action. I have personal knowledge of the facts stated herein except as stated to be on information and belief, and as to those I believe them to be true.

2. I am a commercial real estate developer engaged in development of commercial sites in Fairhaven and surrounding cities and towns. I have been a real estate developer for over 25 years and have developed numerous properties in Southeastern Massachusetts.

3. I am the owner of land at the intersection of Bridge Street and Alden Road in Fairhaven, Massachusetts (the "Premises").

4. At the beginning of the year, I submitted plans for the development of the Premises to Wayne Fostin, the Building Commissioner for the Town of Fairhaven, seeking a building permit or at least a foundation permit. Mr. Fostin advised me that I needed to obtain approvals from a number of town departments prior to submitting the application for a building permit. I am aware of no other town or city in the area which requires an applicant for a building permit to obtain the approval of town departments prior to submitting the application for a building permit. Nevertheless, I complied with Mr. Fostin's directions and obtained the documentation he requested.

5. On or about April 22, 2003, I submitted the application for a building and/or foundation permit to Mr. Fostin along with the approvals and information he requested. Notwithstanding that submission, Mr. Fostin refused to issue a building or foundation permit, imposing additional requirements as detailed in the verified complaint in this action. In my efforts to meet those

additional requirements, it became apparent to me that Mr. Fostin was taking steps to preclude me from meeting those additional requirements.

6. On information and belief, I have submitted plans and approvals which entitle me to a building permit for the Premises. The plans and approvals I have submitted comply with the Zoning Ordinances of Fairhaven and the Building Code. Nevertheless, Mr. Fostin continues to refuse to issue a permit. Mr. Fostin's continued refusal has delayed development of the Premises for six months to date. Further delay will likely prevent development until spring due to winter weather.

7. I had a prospective tenant for the Premises which would have paid annual rent of approximately $60,000. As a result of the delay in development, I have lost months of rent and may have lost the tenant entirely. In addition, if the delay continues into winter I will lose the ability to commence construction until next spring, resulting in further losses.

8. Mr. Fostin has previously expressed his animosity toward me. He has expressed that animosity to a tenant of mine while taking steps to continually harass that tenant in his business operation. I believe that Mr. Fostin's personal animosity toward me is one of the reasons for my inability to obtain a permit for the development of the Premises.

Signed under the penalties of perjury this 28th day of October, 2003.

_Michael W. Panagakos_

D:PANAGAKOS/VS. TOWN OF FAIRHAVEN/AFF OF M. PANAGAKOS

2