# COMMONWEALTH OF MASSACHUSETTS
## Superior Court Department

BRISTOL, SS.                                        Civil Action No. BRCV2003-01171-B

MICHAEL W. PANAGAKOS,           )
                                )
       Plaintiff                )
                                )
vs.                             )
                                )
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of )
Fairhaven, and the TOWN OF      )
FAIRHAVEN,                      )
                                )
       Defendants               )

## AFFIDAVIT OF STEVEN D. GIOIOSA, P.E.

I, Steven D. Gioiosa, P.E., hereby state as follows:

1. I am a professional engineer employed at Sitec, Inc. I have performed engineering work for the Plaintiff, Michael W. Panagakos for a number of years. I performed engineering services regarding Mr. Panagakos' proposed development of the property at Bridge Street in Fairhaven, MA. I have personal knowledge of the facts stated herein except as stated to be on information and belief, and as to those I believe them to be true.

2. A Form "A: Plan combining Lots 15A and 16 as shown on Assessors Map 36 was filed with the Town on March 7, 2003 and signed by the Planning Board on March 11, 2003. This plan eliminated an interior lot line which opened the way for a building permit application by simplifying the setback issues for Mr. Panagakos' property in Bridge Street.

3. SITEC initiated the preparation of site design plans during the Fall of 2002. A site plan was filed with the building department in late February or early March 2003 for review by Wayne Fostin, Building Inspector.

4. On April 20, 2003 Mr. Fostin issued a comment letter identifying three issues which he felt needed to be addressed prior to the issuance of permits. These items were as follows:

    a) Drive-through lane requires special permit prior to the issuance of a building permit;

    b) No "definitive layout as to fixed seating" was presented for verification of the plan's compliance with the Town's parking code;

    c) Mr. Fostin stated that the project did not fall under the controlled construction requirements and therefore a contractor with a Construction Supervisor License must sign for the permit.

5. At the direction of Mr. Panagakos, the site plans were modified to eliminate the proposed drive through which addressed Mr. Fostin's first comment.

6. A fixed seating plan was prepared and submitted to the Town in early May 2003. This plan clearly showed the size and location of the proposed fixed seating and this plan complies with all applicable codes and standard engineering practices. This plan clearly demonstrates the site plan's compliance with the parking requirement of the Town which, for the proposed use, is base don the number of fixed seats.

7. In response to Mr. Fostin's comment regarding the Controlled Construction issue, I reviewed the State Building Code and I reviewed this matter with a building inspector from another Town. Based on this review it is my professional opinion that the State Building Code has set standards for projects that require controlled construction, however, the Code does not prohibit projects of this smaller size from operating under these regulations. Based on a review of the Code, it is clear that a permit for this project can be issued to an individual licensed by the Commonwealth to oversee a controlled construction project.

8. On May 23, 2003 Mr. Fostin issued a second review letter which outlined his reasons for refusing to issue a permit after reviewing the revised plans. Mr. Fostin stated that the seating plan was inadequate in regards to the parking issues. Mr. Fostin failed to state why he believes this plan is inadequate. He also indicated that he would require a driveway opening permit issued by the Fairhaven Board of Public Works prior to the issuance of the Building Permit. Mr. Fostin indicated in his letter that the issues raised in his April 30th letter remained "open" and no action on this application would be taken at this time.

9. On June 4, 2003 a plan and application for a driveway permit was delivered to the Fairhaven Safety Officer for his review and approval. On June 6, 2003 the safety officer disapproved the application stating that the number of driveways "exceeds max. allowed".

10. On June 17, 2003 I hand-delivered and mailed by certified mail a memo to the Safety Officer outlining the project's compliance with the Town's Driveway Rules and Regulations. These Regulations were provided to me by Mr. Robert Carey, P.E. Superintendent of Public Works on April 29, 2003. the memo submitted to the safety officer clearly outlined the project's compliance with the Regulations relative to the number and size of the driveways.

11. On June 18, 2003, Mr. Carey disapproved the application for driveway permits with the comment that they "need a waiver for drive opening". No further explanation was provided.

12. On June 24, 2003, a memorandum that was prepared by me and dated June 23, 2003 was sent by certified mail to Mr. Carey. This memo restated our position that the driveway plans were in compliance with the Town Regulation and this memo referred to my June 16th memo to the Safety Officer. This June 16th memo was attached for Mr. Carey's review.

13. On August 12, 2003 Mr. Carey issued the requested driveway permit. This permit was issued with no required plan modifications.

14. As of this date, no subsequent action has been taken by the Building Department relative to the issuance of a building permit. It is my experience, having worked on numerous site development plans in the Town of Fairhaven over the past 25 years, that the time necessary to obtain the building permit for this site has been unusually long.

Signed under the penalties of perjury this 30th day of October, 2003.

Steven D. Gioiosa, P.E.

D/PANAGAKOS/VS. TOWN OF FAIRHAVEN/AFF OF M. PANAGAKOS

3

COPY

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                C.A. NO.: 2003-01171

| | |
|---|---|
| MICHAEL W. PANAGAKOS,<br>　　　　Plaintiff | :<br>:<br>: |
| v. | :<br>: |
| WAYNE FOSTIN, individually and as<br>He is the Building Commissioner of the<br>Town of Fairhaven, and the TOWN OF<br>FAIRHAVEN,<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUMM IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Defendants, Wayne Fostin ("Fostin") and the Town of Fairhaven (the "Town"), hereby oppose the Motion for Preliminary Injunction filed by plaintiff in connection with the within matter. Plaintiff has failed to exhaust the administrative remedies available to him in connection with the events in this matter and has failed to demonstrate a likelihood of success on the merits of this action. For the foregoing reasons, defendants respectfully request that this Court deny said application for injunctive relief.

### FACTUAL BACKGROUND

On or about April 22, 2003, plaintiff, through his attorney, filed an application for a building permit for the construction of a fast food restaurant on property he owns at 240 Bridge Street, Fairhaven, Massachusetts (the "Property"). The plans submitted with the application showed a fast-food establishment with a driveway leading past what the plans labeled as a "menu board", to a window at the outside wall of the building.

On or about April 30, 2003, Fostin informed the plaintiff that he would not issue a permit in connection with the application because the application failed to comply with the applicable building code and zoning bylaws and regulations. Among other things, the application showed a use (drive through window) which requires a special permit, the parking did not comply with zoning requirements, and the plaintiff was not permitted to use "controlled construction" for the project.[1]

From May 9 through June 5, 2003, the plaintiff, through his attorney and agents, engaged in several discussions with Fostin regarding the requirements for the proposed construction. Fostin repeatedly informed plaintiff that the plans submitted did not comply with the applicable building and zoning laws and regulations and that he would not issue a building permit in connection with the application and plans submitted on April 22, 2003. See Affidavit of Wayne Fostin filed herewith, ¶5.

On or about June 5, 2003, plaintiff submitted a revised plan to the Fairhaven Board of Public Works in connection with his efforts to obtain permits for his proposed driveways. This plan showed the same building layout with the driveway next to the building and a window along the drive on the outside wall of the building. The plan also remove the reference to a "menu board". This plan was not submitted to Fostin. See Fostin Affidavit, ¶6. Plaintiff has filed another application and plan for a building permit and variance with regard to the Property. This plan shows a mixed use of the Property. A hearing on the variance required for this plan is currently scheduled before the Zoning Board of Appeals on Wednesday, November 5, 2003. See Fostin Affidavit, ¶7.

---

[1] "Controlled Construction" is a provision of the building code that permits certain projects over 35,000 cubic feet to be run by a registered architect and registered professional engineer. See 780 C.M.R. 116.0 et seq.

2

Plaintiff did not pursue any administrative appeals of Fostin's actions or alleged inactions. Fostin Affidavit, ¶8 On Thursday, October 23, 2003, plaintiff filed the within action together with a request for a preliminary injunction. The Court scheduled the hearing on plaintiff's request for Thursday, October 30, 2003. Plaintiff's complaint contains counts for mandamus, declaratory judgment, violations of civil rights, and civil conspiracy.

### STANDARD OF REVIEW

The allowance of a preliminary injunction rests in the sound discretion of a trial court. Foreign Auto Import, Inc. v. Renault Northeast, Inc., 367 Mass. 464, 472, 326 N.E.2d 888 (1975). To obtain a preliminary injunction, the moving party must first show that there is a likelihood that it would prevail on the merits of its claim at trial. Commonwealth v. Massachusetts CRINC, 392 Mass. 79, 87, 466 N.E.2d 792 (1980). The moving party must also demonstrate that without the requested relief, it would suffer irreparable harm, not capable of remediation by a final judgment in law or equity. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 n.11, 405 N.E.2d 106 (1980). The motion judge must then balance these two factors against the showing of irreparable harm which would ensue from the issuance, or denial, of an injunction and the "chance of success on the merits" presented by the non-moving party. Commonwealth v. Massachusetts CRINC, supra at 87. Where the requested relief is not merely prohibitory, but, as here, affirmative or mandatory relief is sought, the burden of proof on the plaintiff is particularly heavy.[2] Mandatory injunctions "are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury

---

[2] Although plaintiff's request is couched as a prohibitory request, it is in fact a mandatory injunction because it would result in an order to Fostin to affirmatively issue the building permit requested by the plaintiff.

3

complained of is capable of compensation in damages." <u>Automatic Radio Mfg. Co. v. Ford Motor Company</u>, 272 F. Supp. 744 (1967).

## Argument

Plaintiff's complaint in this matter should ultimately be dismissed by the Court for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted. In the meantime, plaintiff's application for equitable relief in the form of a preliminary injunction must be denied. Plaintiff cannot demonstrate a likelihood of success on the merits of his action where he has failed to exhaust the administrative remedies available to him. Further, plaintiff's claims for violations of his civil rights and civil conspiracy involve money damages for which plaintiff is not entitled to injunctive relief.

### Mandamus and Declaratory Judgment

Counts I and VI of plaintiff's compliant involve mandamus and declaratory judgment respectively. Both counts involve allegations as to the failure of Fostin to issue a building permit and the authority of Fostin to deny the application for a building permit. Plaintiff's prayer for relief includes, inter alia, requests that the court enjoin Fostin from "denying the issuance of a building permit" and issue an ordering Fostin to "issue the building permit." <u>See</u> Complaint, p. 8.[3] Plaintiff cannot prevail on these counts because he has failed to exhaust his administrative remedies in this matter.

G.L. c. 40A, § 8 provides:

> "An appeal to the permit granting authority as the zoning ordinance or by-law may provide, may be taken by any person aggrieved by reason of his inability to obtain a permit or enforcement action from any administrative

---

[3] It should be noted that plaintiff's request for injunctive relief asks for the very same relief as plaintiff would be entitled after success on the merits of this action and is the same relief as prayed for in prayer no. 5.

4

officer under the provisions of this chapter, by the regional planning agency in whose area the city or town is situated, or by any person including an officer or board of the city or town, or of an abutting city or town aggrieved by an order or decision of the inspector of buildings, or other administrative official, in violation of any provision of this chapter or any ordinance or by-law adopted thereunder."

Further, G.L. c. 40A, § 15 provides, in relevant part, that "[a]ny appeal under section eight to a permit granting authority shall be taken within thirty days from the date of the order or decision which is being appealed" and that any appeal of the decision of the permit granting authority "shall be made pursuant to section seventeen." G.L. c. 40A, § 17 provides that an appeal of the decision of the permit granting authority to uphold the decision of the building commissioner may be taken to the Superior Court. At no time did the plaintiff appeal Fostin's decision or his alleged failure to properly act on plaintiff's application to the Fairhaven Zoning Board of Appeals.

The provisions of the State Building Code provide that any person who is aggrieved "by an interpretation, order, requirement, direction or failure to act under 780 CMR [the Building Code] by any agency or official of the city, town or region, or agency or official of the State charged with the administration or enforcement of 780 CMR or any of its rules or regulations, excepting any specialized codes, may appeal directly to the State Building Code Appeals Board as provided in 780 CMR 122.0." 780 C.M.R. 122.1. Further appeal from a decision of the Board would be to Superior Court under G.L. c. 30A. The cornerstone of plaintiff's complaint is that the application complies with all requirements of the applicable "statutes, ordinances and regulations." See Complaint, p. 7. At no time has plaintiff availed himself of the administrative remedy available to him under the State Building Code for Fostin's alleged failure to act in accordance with the code.

5

A party seeking to compel action through mandamus must first exhaust his administrative remedies. See Neuhaus v. Building Inspector of Marlborough, 11 Mass.App.Ct. 230 (1981). This is particularly true where the nature of the case is the interpretation and enforcement of a valid zoning by-law. "[A]ll questions concerning the enforcement of valid zoning ordinances and by-laws [must] be determined at the local administrative level before resort may be had to a court for enforcement." Id at 231. In this case, plaintiff has not pursued his available avenue of administrative appeal to the Zoning Board of Appeals or the Board of Building Regulations and thus may not circumvent the process through his present action.

The rules as to exhaustion prior to an action in mandamus apply equally to an action for declaratory relief. The courts in Massachusetts have repeatedly held that "[a]s a general rule, where an administrative procedure is available, we require a party seeking declaratory relief first to exhaust the opportunities for administrative remedy." Balcam v. Town of Hingham, 41 Mass.App.Ct. 260, 266 (1996) citing, Space Building Corp. v. Commissioner of Revenue, 413 Mass. 445, 448 (1992). As noted above, plaintiff has not pursued his available avenue of administrative appeal to the Zoning Board of Appeals and the Board of Building Regulations and thus may not circumvent the process through his present action.

## Civil Rights and Civil Conspiracy

Counts II, III, and IV of plaintiff's complaint involve allegations as to violations of plaintiff's civil rights. Count V of plaintiff's complaint involves a claim of civil conspiracy. Al of these counts allege that plaintiff has suffered damages as a result of the

alleged violations. Nowhere in plaintiff's complaint does plaintiff allege that these violations cannot be remedied by money damages alone.

As discussed above, in order to obtain the injunctive relief sought in his complaint, the plaintiff must demonstrate that extreme or very serious damage will result if the injunction is not entered and that the injury complained of is not capable of compensation in damages." Automatic Radio Mfg. Co. v. Ford Motor Company, 272 F. Supp. 744 (1967). Plaintiff has not demonstrated either that extreme or serious damage will result or that monetary damages are insufficient in this case. In fact, plaintiff's affidavit states that Fostin's actions have cost him "approximately $60,000.00." Panagakos Affidavit, ¶ 7. Monetary damages are clearly sufficient in plaintiff's mind to redress any alleged violations in this case.

Plaintiff's civil rights claims must also fail because, without resorting to his available administrative remedies, his claims amount to nothing more than complaints regarding the length of the administrative process. Where there exist adequate post-deprivation procedures they must be followed to sustain a plaintiff's procedural due process claims. See Nestor Colon Medina v. Custodio, 964 F.2d 32 (1992). Civil rights claims for delay in the administrative process cannot lie where there are sufficient post-deprivation procedures. Id.

## Success on the Merits

Notwithstanding the fact that plaintiff may not maintain this action prior to exhausting his administrative remedies and that he has not demonstrated that money damages are insufficient to address his alleged injuries, plaintiff has not demonstrated and cannot demonstrate a likelihood of success on the merits of his complaint.

7

Plaintiff acknowledges that a special permit is required under the by-laws of the Town of Fairhaven for a drive-through restaurant. See Complaint, p. 3, ¶8. Plaintiff further acknowledges that the plans submitted with his only application for a building permit showed a "menu board". See Complaint, p. 3, ¶9.

Section 11.2 of the State Building Code prohibits the issuance of a building permit "if such building or structure or use would be in violation of any zoning ordinance or by-law." 780 C.M.R. 111.2. It defies all sense of reason that a building commissioner reviewing plans that show a driveway around and immediately adjacent to a building with a window leading to the driveway and a "menu board" before the window would not find that the plan showed a drive-through restaurant. Plaintiff cannot reasonably argue that the plan does not show a drive-through and his doing so only reflects upon the manner in which plaintiff has attempted to deal with Fostin, the Town and now this Court.

Under the terms of the State Building Code and the Zoning By-laws of the Town of Fairhaven, Fostin was prohibited from issuing a building permit to plaintiff in this matter. Plaintiff has not brought forward any credible evidence to the contrary and therefore cannot show a likelihood of success on the merits of his claims.

### CONCLUSION

For the forgoing reasons, defendants respectfully request that this Court deny plaintiff's request for a preliminary injunction in this matter.

8

Defendants
By their attorney,

*(signature)*

Thomas P. Crotty, Esquire (BBO #106800)
Blair S. Bailey, Esquire (BBO #636974)
Perry, Hicks, Crotty and Deshaies, LLP
388 County Street
New Bedford, MA 02740-4909
(508) 996-8291

Dated: October 29, 2003



## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                C.A. NO.: 2003-01171

MICHAEL W. PANAGAKOS,
        Plaintiff

v.

WAYNE FOSTIN, individually and as
He is the Building Commissioner of the
Town of Fairhaven, and the TOWN OF
FAIRHAVEN,
        Defendants

AFFIDAVIT OF WAYNE FOSTIN

I, Wayne Fostin, hereby depose and state:

1. I am the duly appointed Building Commissioner for the Town of Fairhaven.

2. I have held this position for over 15 years.

3. On or about April 22, 2003, plaintiff, through his attorney, filed an application for a building permit for the construction of a fast food restaurant on property he owns at 240 Bridge Street, Fairhaven, Massachusetts (the "Property"). The plans submitted with the application showed a fast-food establishment with a driveway leading past what the plans labeled as a "menu board", to a window at the outside wall of the building.

4. On or about April 30, 2003, I informed the plaintiff that I could not issue a permit in connection with the application because the application failed to comply with the applicable building code and zoning bylaws and regulations. Among other things, the application showed a use (drive through window) which requires a special permit in the Town of Fairhaven, the parking did not comply with zoning requirements, and the plaintiff was not permitted to use "controlled construction" for the project.

5. From May 9 through June 5, 2003, I engaged in several discussions with the plaintiff, through his attorney and agents, regarding the requirements for the proposed construction. I repeatedly informed plaintiff that the

plans submitted did not comply with the applicable building and zoning laws and regulations and that I could not issue a building permit in connection with the application and plans submitted on April 22, 2003.

6. In June, 2003, it came to my attention that plaintiff had submitted revised plans to the Fairhaven Board of Public Works. These plans were not submitted to the Building Department, nor was I consulted regarding any revisions to the original plans. The revised plans have never been submitted to the Building Department in connection with plaintiffs application. The revised plans are not materially different than the original plans. Plaintiff simply removed the reference to a "menu board" and changed the traffic patterns.

7. In October, 2003, plaintiff submitted a new application for construction on the property. This new application shows a mixed commercial use of the Property and significantly alters the proposed construction. This plan requires a variance fro the Zoning Board of Appeals for parking. A hearing on this variance request is scheduled for November 5, 2003.

8. At no time in this matter has plaintiff appealed any of my actions to either the Zoning Board of Appeals or the State Board of Building Regulations and Safety.

Signed under the pains and penalties of perjury this 30TH day of October, 2003

_____
Wayne W. Fostin

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No._____

MICHAEL W. PANAGAKOS,

    Plaintiff

v.

WAYNE FOSTIN, individually and as
Building Inspector of the Town of Fairhaven,
TOWN OF FAIRHAVEN,

    Defendant

NOTICE OF APPEARANCE

03 12270 WGY

Please enter our appearance as attorneys for the defendants in the above-captioned matter.

DEFENDANTS,

By their attorneys,

*/s/ Joseph L. Tehan*
Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

206201/Metg/0502

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 11/17/03

*/s/ K. Doyle*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No._____

MICHAEL W. PANAGAKOS,

    Plaintiff

v.

WAYNE FOSTIN, individually and as
Building Inspector of the Town of Fairhaven,
TOWN OF FAIRHAVEN,

    Defendant

DEFENDANTS' MOTION TO
ENLARGE TIME TO RESPOND
TO COMPLAINT PURSUANT
TO FED.R.CIV.P. 6(b)



Now come the defendants and hereby move pursuant to Fed.R.Civ.P.6(b) for an enlargement of time to December 1, 2003 to file a response to the complaint in the above-captioned matter. As grounds therefor, the defendants state that the additional time is necessary to provide counsel, who was recently retained, to resolves issues regarding representation, and to await the return of one witness from vacation, without whom the defendants cannot provide a meaningful response.

WHEREFORE, the defendants respectfully request that this Court enlarge the time to file a response to the Complaint in the above-referenced matter to December 1, 2003.

DEFENDANTS,

By their attorneys,

/s/ K. Doyle

Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 11/17/03
/s/ Doyle

206684/Metg/0502

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No._____

MICHAEL W. PANAGAKOS,

    Plaintiff

v.

WAYNE FOSTIN, individually and as
Building Inspector of the Town of Fairhaven,
TOWN OF FAIRHAVEN,

    Defendant

LOCAL RULE 7.1
CERTIFICATE OF COMPLIANCE

Now comes the undersigned defense counsel, and hereby certifies that on November 12th and 17th 2003 she attempted to confer via telephone call with counsel for the plaintiff in a good faith effort to resolve or narrow the issues set forth in Defendants' Motion To Enlarge Time To Respond to Complaint Pursuant to Fed.R.Civ.P.6(b) and left detailed messages on his voicemail. Counsel were unable to reach an agreement by the time of filing.

DEFENDANTS,

By their attorney,

_/s/ Katharine Doyle_____
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0787

206694/Metg/0502

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on _Doyle_ 11/17/03

CERTIFICATE OF SERVICE

I, Katharine Goree Doyle, hereby certify that on the below date, I served a copy of the foregoing Written Notice of Removal to Federal Court Pursuant to 28 U.S.C. §1446(d), by first class mail, postage prepaid, to the following counsel of record:

> Gregory J. Koldys, Esq.
> Mickelson Barnet, P.C.
> 309 Cornell Street
> New Bedford, MA 02740
>
> Thomas P. Crotty, Esq.
> Perry Hicks Crotty & Deshaies, LLP
> 388 County Rd.
> New Bedford, MA 02740

Dated: 11/17/03

Katharine Goree Doyle

206209/Metg/0502

| | KOPELMAN AND PAIGE, P. C. | |
|---|---|---|
| LEONARD KOPELMAN | | KATHLEEN M. O'DONNELL |
| DONALD G. PAIGE | ATTORNEYS AT LAW | SANDRA M. CHARTON |
| ELIZABETH A. LANE | | PATRICIA A. CANTOR |
| JOYCE FRANK | 31 ST. JAMES AVENUE | THOMAS P. LANE, JR. |
| JOHN W. GIORGIO | | MARY L. GIORGIO |
| BARBARA J. SAINT ANDRE | BOSTON, MASSACHUSETTS 02116-4102 | THOMAS W. MCENANEY |
| JOEL B. BARD | | KATHARINE GOREE DOYLE |
| JOSEPH L. TEHAN, JR. | (617) 556-0007 | GEORGE X. PUCCI |
| THERESA M. DOWDY | FAX (617) 654-1735 | LAUREN F. GOLDBERG |
| DEBORAH A. ELIASON | | JASON R. TALERMAN |
| RICHARD BOWEN | | JEFFREY A. HONIG |
| DAVID J. DONESKI | PITTSFIELD OFFICE | MICHELE E. RANDAZZO |
| JUDITH C. CUTLER | (413) 443-6100 | GREGG J. CORBO |
| KATHLEEN E. CONNOLLY | | RICHARD T. HOLLAND |
| DAVID C. JENKINS | | LISA C. ADAMS |
| MARK R. REICH | NORTHAMPTON OFFICE | ELIZABETH R. CORBO |
| BRIAN W. RILEY | (413) 585-8632 | MARCELINO LA BELLA |
| DARREN R. KLEIN | | VICKI S. MARSH |
| JONATHAN M. SILVERSTEIN | | JOHN J. GOLDROSEN |
| | WORCESTER OFFICE | SHIRIN EVERETT |
| | (508) 752-0203 | BRIAN E. GLENNON, II |
| EDWARD M. REILLY | | JONATHAN D. EICHMAN |
| DIRECTOR WESTERN OFFICE | | LAURA H. PAWLE |
| | | TODD A. FRAMPTON |
| WILLIAM HEWIG III | | JACKIE COWIN |
| JEANNE S. McKNIGHT | | SARAH N. TURNER |

November 17, 2003

Clerk, Civil
Bristol Superior Court
9 Court Street
Taunton, MA 02780

Re:  Panagakos v. Fostin, et al.
     (Town of Fairhaven)
     <u>Bristol Superior Court, C.A. No. 2003-01171</u>

Dear Sir/Madam:

Enclosed please find a Written Notice of Removal to Federal Court pursuant to 28 U.S.C. §1446(d) in the above-referenced action, together with a copy of the Notice of Removal that was filed with the United States District Court for the District of Massachusetts, and a Certificate of Service.

Please prepare a certified or attested to copy of all docket entries in the state court for this action (Bristol Superior Court C.A. No. 2003-01171) and forward same to me upon completion so that I may file it in the United States District Court for the District of Massachusetts. Please bill us in your usual fashion.

Very truly yours,

Katharine Goree Doyle

KGD/cmt
Enc.
cc:  Board of Selectmen
     Gregory J. Koldys, Esq.
     Thomas Crotty, Esq.
     Daniel Morrison, Esq. (MAS – 0035437)

206212/Mctg/0502