# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

BRCV2003-01171

Michael W. Panagakos

vs.

Wayne Fostin Ind/Bldg Inspr and
the Town of Fairhaven

## PRELIMINARY INJUNCTION ORDER

Defendant Wayne Fostin, is preliminarily enjoined from refusing to act on plaintiff Michael Panagakos' application and is ordered to issue or deny in writing the plaintiff's application within 14 days.

**Witness, Suzanne V. DelVecchio**, Chief Justice of the Superior Court, at Taunton, Massachusetts this 5th day of November, in the year of our Lord 2003.

By the Court (Connor, J.)

.................................................
Assistant Clerk/Magistrate

A True Copy By Photostatic Process
Attest:
_____
Asst. Clerk of Courts

cvcpinj_1.wpd 49661 hrgpin ferriera

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                                C.A. NO.: 2003-011

| | |
|---|---|
| MICHAEL W. PANAGAKOS,<br>           **Plaintiff**<br><br>v.<br><br>WAYNE FOSTIN, individually and as<br>He is the Building Commissioner of the<br>Town of Fairhaven, and the TOWN OF<br>FAIRHAVEN,<br>           **Defendants** | |

### MEMORANDUMM IN OPPOSITION TO
### MOTION FOR PRELIMINARY INJUNCTION

Defendants, Wayne Fostin ("Fostin") and the Town of Fairhaven (the "Town"), hereby oppose the Motion for Preliminary Injunction filed by plaintiff in connection with the within matter. Plaintiff has failed to exhaust the administrative remedies available to him in connection with the events in this matter and has failed to demonstrate a likelihood of success on the merits of this action. For the foregoing reasons, defendants respectfully request that this Court deny said application for injunctive relief.

#### FACTUAL BACKGROUND

On or about April 22, 2003, plaintiff, through his attorney, filed an application for a building permit for the construction of a fast food restaurant on property he owns at 240 Bridge Street, Fairhaven, Massachusetts (the "Property"). The plans submitted with the application showed a fast-food establishment with a driveway leading past what the plans labeled as a "menu board", to a window at the outside wall of the building.

On or about April 30, 2003, Fostin informed the plaintiff that he would not issue a permit in connection with the application because the application failed to comply with the applicable building code and zoning bylaws and regulations. Among other things, the application showed a use (drive through window) which requires a special permit, the parking did not comply with zoning requirements, and the plaintiff was not permitted to use "controlled construction" for the project.[1]

From May 9 through June 5, 2003, the plaintiff, through his attorney and agents, engaged in several discussions with Fostin regarding the requirements for the proposed construction. Fostin repeatedly informed plaintiff that the plans submitted did not comply with the applicable building and zoning laws and regulations and that he would not issue a building permit in connection with the application and plans submitted on April 22, 2003. See Affidavit of Wayne Fostin filed herewith, ¶5.

On or about June 5, 2003, plaintiff submitted a revised plan to the Fairhaven Board of Public Works in connection with his efforts to obtain permits for his proposed driveways. This plan showed the same building layout with the driveway next to the building and a window along the drive on the outside wall of the building. The plan also remove the reference to a "menu board". This plan was not submitted to Fostin. See Fostin Affidavit, ¶6. Plaintiff has filed another application and plan for a building permit and variance with regard to the Property. This plan shows a mixed use of the Property. A hearing on the variance required for this plan is currently scheduled before the Zoning Board of Appeals on Wednesday, November 5, 2003. See Fostin Affidavit, ¶7.

---

[1] "Controlled Construction" is a provision of the building code that permits certain projects over 35,000 cubic feet to be run by a registered architect and registered professional engineer. See 780 C.M.R. 116.0 et seq.

2

Plaintiff did not pursue any administrative appeals of Fostin's actions or alleged inactions. Fostin Affidavit, ¶8 On Thursday, October 23, 2003, plaintiff filed the within action together with a request for a preliminary injunction. The Court scheduled the hearing on plaintiff's request for Thursday, October 30, 2003. Plaintiff's complaint contains counts for mandamus, declaratory judgment, violations of civil rights, and civil conspiracy.

### STANDARD OF REVIEW

The allowance of a preliminary injunction rests in the sound discretion of a trial court. Foreign Auto Import, Inc. v. Renault Northeast, Inc., 367 Mass. 464, 472, 326 N.E.2d 888 (1975). To obtain a preliminary injunction, the moving party must first show that there is a likelihood that it would prevail on the merits of its claim at trial. Commonwealth v. Massachusetts CRINC, 392 Mass. 79, 87, 466 N.E.2d 792 (1980). The moving party must also demonstrate that without the requested relief, it would suffer irreparable harm, not capable of remediation by a final judgment in law or equity. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 n.11, 405 N.E.2d 106 (1980). The motion judge must then balance these two factors against the showing of irreparable harm which would ensue from the issuance, or denial, of an injunction and the "chance of success on the merits" presented by the non-moving party. Commonwealth v. Massachusetts CRINC, supra at 87. Where the requested relief is not merely prohibitory, but, as here, affirmative or mandatory relief is sought, the burden of proof on the plaintiff is particularly heavy.[2] Mandatory injunctions "are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury

---

[2] Although plaintiff's request is couched as a prohibitory request, it is in fact a mandatory injunction because it would result in an order to Fostin to affirmatively issue the building permit requested by the plaintiff.

3

complained of is capable of compensation in damages." <u>Automatic Radio Mfg. Co. v. Ford Motor Company</u>, 272 F. Supp. 744 (1967).

## Argument

Plaintiff's complaint in this matter should ultimately be dismissed by the Court for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted. In the meantime, plaintiff's application for equitable relief in the form of a preliminary injunction must be denied. Plaintiff cannot demonstrate a likelihood of success on the merits of his action where he has failed to exhaust the administrative remedies available to him. Further, plaintiff's claims for violations of his civil rights and civil conspiracy involve money damages for which plaintiff is not entitled to injunctive relief.

## Mandamus and Declaratory Judgment

Counts I and VI of plaintiff's compliant involve mandamus and declaratory judgment respectively. Both counts involve allegations as to the failure of Fostin to issue a building permit and the authority of Fostin to deny the application for a building permit. Plaintiff's prayer for relief includes, inter alia, requests that the court enjoin Fostin from "denying the issuance of a building permit" and issue an ordering Fostin to "issue the building permit." <u>See</u> Complaint, p. 8.[3] Plaintiff cannot prevail on these counts because he has failed to exhaust his administrative remedies in this matter.

G.L. c. 40A, § 8 provides:

> "An appeal to the permit granting authority as the zoning ordinance or by-law may provide, may be taken by any person aggrieved by reason of his inability to obtain a permit or enforcement action from any administrative

---

[3] It should be noted that plaintiff's request for injunctive relief asks for the very same relief as plaintiff would be entitled after success on the merits of this action and is the same relief as prayed for in prayer no. 5.

4

officer under the provisions of this chapter, by the regional planning agency in whose area the city or town is situated, or by any person including an officer or board of the city or town, or of an abutting city or town aggrieved by an order or decision of the inspector of buildings, or other administrative official, in violation of any provision of this chapter or any ordinance or by-law adopted thereunder."

Further, G.L. c. 40A, § 15 provides, in relevant part, that "[a]ny appeal under section eight to a permit granting authority shall be taken within thirty days from the date of the order or decision which is being appealed" and that any appeal of the decision of the permit granting authority "shall be made pursuant to section seventeen." G.L. c. 40A, § 17 provides that an appeal of the decision of the permit granting authority to uphold the decision of the building commissioner may be taken to the Superior Court. At no time did the plaintiff appeal Fostin's decision or his alleged failure to properly act on plaintiff's application to the Fairhaven Zoning Board of Appeals.

The provisions of the State Building Code provide that any person who is aggrieved "by an interpretation, order, requirement, direction or failure to act under 780 CMR [the Building Code] by any agency or official of the city, town or region, or agency or official of the State charged with the administration or enforcement of 780 CMR or any of its rules or regulations, excepting any specialized codes, may appeal directly to the State Building Code Appeals Board as provided in 780 CMR 122.0." 780 C.M.R. 122.1. Further appeal from a decision of the Board would be to Superior Court under G.L. c. 30A. The cornerstone of plaintiff's complaint is that the application complies with all requirements of the applicable "statutes, ordinances and regulations." See Complaint, p. 7. At no time has plaintiff availed himself of the administrative remedy available to him under the State Building Code for Fostin's alleged failure to act in accordance with the code.

5

A party seeking to compel action through mandamus must first exhaust his administrative remedies. See Neuhaus v. Building Inspector of Marlborough, 11 Mass.App.Ct. 230 (1981). This is particularly true where the nature of the case is the interpretation and enforcement of a valid zoning by-law. "[A]ll questions concerning the enforcement of valid zoning ordinances and by-laws [must] be determined at the local administrative level before resort may be had to a court for enforcement." Id at 231. In this case, plaintiff has not pursued his available avenue of administrative appeal to the Zoning Board of Appeals or the Board of Building Regulations and thus may not circumvent the process through his present action.

The rules as to exhaustion prior to an action in mandamus apply equally to an action for declaratory relief. The courts in Massachusetts have repeatedly held that "[a]s a general rule, where an administrative procedure is available, we require a party seeking declaratory relief first to exhaust the opportunities for administrative remedy." Balcam v. Town of Hingham, 41 Mass.App.Ct. 260, 266 (1996) *citing*, Space Building Corp. v. Commissioner of Revenue, 413 Mass. 445, 448 (1992). As noted above, plaintiff has not pursued his available avenue of administrative appeal to the Zoning Board of Appeals and the Board of Building Regulations and thus may not circumvent the process through his present action.

**Civil Rights and Civil Conspiracy**

Counts II, III, and IV of plaintiff's complaint involve allegations as to violations of plaintiff's civil rights. Count V of plaintiff's complaint involves a claim of civil conspiracy. Al of these counts allege that plaintiff has suffered damages as a result of the

alleged violations. Nowhere in plaintiff's complaint does plaintiff allege that these violations cannot be remedied by money damages alone.

As discussed above, in order to obtain the injunctive relief sought in his complaint, the plaintiff must demonstrate that extreme or very serious damage will result if the injunction is not entered and that the injury complained of is not capable of compensation in damages." Automatic Radio Mfg. Co. v. Ford Motor Company, 272 F. Supp. 744 (1967). Plaintiff has not demonstrated either that extreme or serious damage will result or that monetary damages are insufficient in this case. In fact, plaintiff's affidavit states that Fostin's actions have cost him "approximately $60,000.00." Panagakos Affidavit, ¶ 7. Monetary damages are clearly sufficient in plaintiff's mind to redress any alleged violations in this case.

Plaintiff's civil rights claims must also fail because, without resorting to his available administrative remedies, his claims amount to nothing more than complaints regarding the length of the administrative process. Where there exist adequate post-deprivation procedures they must be followed to sustain a plaintiff's procedural due process claims. See Nestor Colon Medina v. Custodio, 964 F.2d 32 (1992). Civil rights claims for delay in the administrative process cannot lie where there are sufficient post-deprivation procedures. Id.

**Success on the Merits**

Notwithstanding the fact that plaintiff may not maintain this action prior to exhausting his administrative remedies and that he has not demonstrated that money damages are insufficient to address his alleged injuries, plaintiff has not demonstrated and cannot demonstrate a likelihood of success on the merits of his complaint.

7

Plaintiff acknowledges that a special permit is required under the by-laws of the Town of Fairhaven for a drive-through restaurant. See Complaint, p. 3, ¶8. Plaintiff further acknowledges that the plans submitted with his only application for a building permit showed a "menu board". See Complaint, p. 3, ¶9.

Section 11.2 of the State Building Code prohibits the issuance of a building permit "if such building or structure or use would be in violation of any zoning ordinance or by-law." 780 C.M.R. 111.2. It defies all sense of reason that a building commissioner reviewing plans that show a driveway around and immediately adjacent to a building with a window leading to the driveway and a "menu board" before the window would not find that the plan showed a drive-through restaurant. Plaintiff cannot reasonably argue that the plan does not show a drive-through and his doing so only reflects upon the manner in which plaintiff has attempted to deal with Fostin, the Town and now this Court.

Under the terms of the State Building Code and the Zoning By-laws of the Town of Fairhaven, Fostin was prohibited from issuing a building permit to plaintiff in this matter. Plaintiff has not brought forward any credible evidence to the contrary and therefore cannot show a likelihood of success on the merits of his claims.

## CONCLUSION

For the forgoing reasons, defendants respectfully request that this Court deny plaintiff's request for a preliminary injunction in this matter.

8

Defendants
By their attorney,

*[signature]*

Thomas P. Crotty, Esquire (BBO #106800)
Blair S. Bailey, Esquire (BBO #636974)
Perry, Hicks, Crotty and Deshaies, LLP
388 County Street
New Bedford, MA  02740-4909
(508) 996-8291

Dated: October 29, 2003

A True Copy By Photostatic Process
Attest: *[signature]*
Asst. Clerk of Courts

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# BRCV2003-01171

Michael W. Panagakos
, Plaintiff(s)

vs.

Wayne Fostin Ind/Bldg Inspr,
and theTown of Fairhaven
, Defendant(s)

### SUMMONS AND ORDER OF NOTICE

To the above-named Defendant(s):

You are hereby summoned and required to serve upon **Gregory J Koldys, Esquire**, plaintiff's attorney, whose address is **Mickelson Barnet & Associates 30 Cornell StreetNew Bedford, MA 02740**, an answer to the complaint/cross claim/counterclaim which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint/ cross claim/counterclaim. You are also required to file your answer to the complaint/ cross claim/counterclaim in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Bristol County Superior Court, in Taunton on **10/30/2003, at 02:00 PM in CtRm - Main (Taunton),** at which time you may appear and show cause why such application should not be granted.

**Witness, Suzanne V. DelVecchio,** Esquire, Chief Justice of the Superior Court, at Taunton, Massachusetts this 23rd day of October, 2003.

*[signature]*
Assistant Clerk

**(AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)**

*[signature] Eileen M. Lowney, Town Clerk*

A True Copy By Photostatic Process
Attest: *[signature]*
Asst. Clerk of Cou[rt]

cvcsumornot_2.wpd 49661 hrgpin aguiarka

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# BRCV2003-01171

Michael W. Panagakos
, Plaintiff(s)

vs.

Wayne Fostin Ind/Bldg Inspr,
and the Town of Fairhaven
, Defendant(s)

### SUMMONS AND ORDER OF NOTICE

To the above-named Defendant(s):

You are hereby summoned and required to serve upon **Gregory J Koldys, Esquire**, plaintiff's attorney, whose address is **Mickelson Barnet & Associates 30 Cornell Street New Bedford, MA 02740**, an answer to the complaint/cross claim/counterclaim which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint/ cross claim/counterclaim. You are also required to file your answer to the complaint/ cross claim/counterclaim in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Bristol County Superior Court, in Taunton on **10/30/2003, at 02:00 PM in CtRm - Main (Taunton)**, at which time you may appear and show cause why such application should not be granted.

**Witness, Suzanne V. DelVecchio**, Esquire, Chief Justice of the Superior Court, at Taunton, Massachusetts this 23rd day of October, 2003.

_____
Assistant Clerk

### (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

#2

## COMMONWEALTH OF MASSACHUSETTS
### Superior Court Department

BRISTOL, SS.                                                    Civil Action No. 03-1171

MICHAEL W. PANAGAKOS,         )
                              )
    Plaintiff              )
                              )
vs.                           )
                              )
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of )
Fairhaven, and the TOWN OF    )
FAIRHAVEN,                    )
                              )
    Defendants             )


### EX PARTE MOTION FOR APPROVAL OF SPECIAL PROCESS SERVER

Plaintiff hereby moves that this Court approve Constable George Grew as a special process server in this case.

In support of this motion, Plaintiff states that the Constable will be prepared to attempt in-hand service in a timely manner.

                        MICHAEL W. PANAGAKOS,
                        By his attorney,

                        _____
                        Gregory J. Koldys
                        MICKELSON BARNET, P.C.
                        30 Cornell Street
                        New Bedford, MA 02740
                        Telephone (508) 993-8800
                        BBO #276840

Dated: October 21, 2003

d/pana/vs town fair/mot-special    A True Copy By Photostatic Process
                                        Attest: _____
                                                 Asst. Clerk of Courts

10/23/03 Allowed (……, J.)
Asst Clerk

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

Civil Docket **BRCV2003-01171**

RE:   Panagakos v Fostin Ind/Bldg Inspr et al

TO:   FILE COPY

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **10/23/2003**:

*RE: Plaintiff Michael Panagakos's ex-parte MOTION for appointment of special process server Constable George Grew*

**is as follows:**

**MOTION (P#3) ALLOWED (John P. Connor, Jr., Justice) Notices given in hand October 23, 2003**

Dated at Taunton, Massachusetts this 23rd day of October, 2003.

BY:

Marc J. Santos,
Clerk of the Courts

Mark A. Ferriera
Assistant Clerk

Telephone: (508) 823-6588

Copies given in hand 10/23/2003

cvdresult 2.wpd 364598 motallow aquiarka

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# BRCV2003-01171

RE:   Panagakos v Fostin Ind/Bldg Inspr et al

TO:   FILE COPY

> BRISTOL, SS SUPERIOR CT
> **FILED**
> OCT 2 3 2003
> MARC J. SANTOS, ESQ.
> CLERK MAGISTRATE

## NOTICE OF COMPLAINT FILED UNDER CHAP. 93A

Enclosed is a copy of the Complaint in the above entitled action seeking relief pursuant to G.L. Chap. 93A, filed on **10/23/2003** in the Bristol Superior Court.

Dated at Taunton, Massachusetts this 23rd day of October, 2003.

Marc J. Santos,
Clerk of the Courts

BY: _____
Mark A. Ferriera
Assistant Clerk

ENC.

A True Copy By Photostatic Process
Attest: _____
Asst. Clerk of Courts

cvdnot93A.wpd  364581  not93A  aguiarka