UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 03-CV-12278-WGY

MICHAEL W. PANAGAKOS,

    Plaintiff

v.

WAYNE FOSTIN, individually and as Building Inspector of the Town of Fairhaven, TOWN OF FAIRHAVEN,

    Defendant

ANSWER OF DEFENDANTS WAYNE FOSTIN AND TOWN OF FAIRHAVEN TO VERIFIED COMPLAINT

I.    STATEMENT OF THE CASE

1.    The "statement of the case" section of the Verified Complaint comprises an overview of the subsequent factual averments and claims, not requiring a response from the defendants. To the extent said section requires a response, the averments set forth therein are denied.

II.    PARTIES

2.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3.    Admitted.

4.    Admitted.

III.    FACTS

5.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6. Denied that there was a separate application for a foundation permit. Admitted that the plaintiff submitted the minimum type of plans required, with the exception of an interior, but the plans submitted contained deficiencies. Admitted that the plaintiff submitted an approval from the Fire Department, a Worker's Compensation Certificate for an architect, a Notice of Availability of Sewer and Water from the Department of Public Works and Energy. Admitted as to the second and third sentence of Paragraph 6.

7. Admitted that defendant Fostin advised the plaintiff that he could not issue a building permit because the application failed to comply with the applicable building code and zoning bylaws and regulations, specifically the use of a drive-through window required a special permit under the Town of Fairhaven Zoning Bylaws, the proposed parking did not comply with zoning requirements and that the plaintiff was not permitted to use "controlled construction" pursuant to 780 CMR 116.0 for the project. The remaining allegations of Paragraph 7 are denied.

8. Admitted as to the first sentence of Paragraph 8. Denied as to the second sentence of Paragraph 8. Admitted as to the third sentence of Paragraph 8. Admitted as to the fourth sentence of Paragraph 8. Admitted as to the fifth sentence of Paragraph 8.

9. Denied as to date, but admitted as to the remaining allegations set forth in the first sentence. Admitted as to the second sentence.

10. Admitted that Fostin sent a letter to the plaintiff on May 23, 2003. Further answering the defendants state that said letter speaks for itself.

11. Admitted that on June 5, 2003, the plaintiff, through counsel, sent a letter to Fostin. Further answering, the defendants state that said letter speaks for itself.

12.   Denied as the characterization of defendant Fostin's response in the first sentence of Paragraph 12. Admitted that plaintiff sought approval of the proposed driveways and curb cuts from Macy Joseph, the Town Safety Officer. Admitted as to the second sentence of Paragraph 12, with the exception of the date, for which the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding said date. Admitted as to third sentence of Paragraph 12.

13.   The first sentence of Paragraph 13 comprises contentions as to matters of law not requiring a response by the defendants. As to the second sentence of Paragraph 13, the regulations speak for themselves. Denied as to the third sentence of Paragraph 13.

14.   Admitted.

15.   Denied as to the first sentence of Paragraph 15. Admitted as to the second sentence of Paragraph 15. Admitted that on July 17, 2003, the plaintiff, through counsel, sent a letter to the Superintendent of Department of Public Works. Further answering, the defendants state that said letter speaks for itself.

16.   Admitted that on August 6, 2003, the plaintiff, through counsel, sent a letter to the Superintendent of Department of Public Works. Further answering, the defendants state that said letter speaks for itself.

17.   Admitted that on August 12, 2003, the plaintiff, through counsel, sent a letter to the Superintendent of Department of Public Works. Further answering, the defendants state that said letter speaks for itself.

18.   Admitted that on September 19, 2003, the plaintiff sent a letter to Fostin. Further answering, the defendants state that said letter speaks for itself.

19.   Denied

IV.  **STATEMENT OF CLAIMS**

Count I

(Action in the nature of mandamus)

20. The defendants restate and incorporate by reference herein their responses to Paragraphs 1-19.

21. The allegations set forth in paragraph 21 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

22. Denied.

23. Denied.

Count II

(Violation of Equal Rights)

24. The defendants restate and incorporate by reference herein their responses to Paragraphs 1-23.

25. Denied.

26. Denied.

27. Denied.

**COUNT III**

(Violation of Due Process)

28. The defendants restate and incorporate by reference herein their responses to Paragraphs 1-27.

29. Denied.

30. Denied.

4

## COUNT IV
(Equal Rights Act)

31. The defendants restate and incorporate by reference herein their responses to Paragraphs 1-30.

32. Denied.

33. Denied.

## COUNT V
(Civil Conspiracy)

34. The defendants restate and incorporate by reference herein their responses to Paragraphs 1-33.

35. Denied.

36. Denied.

## COUNT VI
(Declaratory Judgment)

37. The defendants restate and incorporate by reference herein their responses to Paragraphs 1-36.

38. Denied.

39. Denied.

40. Denied.

## FIRST DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

The complaint fails to state a cause of action for which relief may be granted against the defendant Town of Fairhaven in that it states no personal involvement, specific regulation or

official policy or knowledge by said defendant of the alleged wrongdoing or of any pattern of wrongful behavior.

## THIRD DEFENSE

Defendant Fostin denies all allegations of wrongful conduct and state that he was at all relevant times a public employee acting within the scope of his employment in good faith and in the reasonable belief that his actions were lawful.

## FOURTH DEFENSE

The complaint fails to state a claim for which punitive damages are available against any of the defendants.

## FIFTH DEFENSE

Defendant Fostin is entitled to qualified immunity and all claims against him in his individual capacity should be dismissed.

## SIXTH DEFENSE

Any claims against defendant Fostin in his official capacity are duplicative to the claims against the Town of Fairhaven and should be dismissed.

## SEVENTH DEFENSE

Counts II and III should be dismissed because the plaintiff has failed to plead that the defendant deprived him of his civil rights through threats, intimidation or coercion or that the defendants acted under color of law.

## EIGHTH DEFENSE

Count V should be dismissed because the plaintiff has failed to identify a single action taken by the defendants in furtherance of a conspiratorial agreement.

## NINTH DEFENSE

The defendants deny the existence of an actual, justiciable controversy warranting declaratory relief.

### ELEVENTH DEFENSE

Plaintiff's equal protection claims should be dismissed for failure to plead the requisite arbitrary and capricious action unrelated to legitimate municipal purposes.

### TWELFTH DEFENSE

Plaintiff's equal protection claims should be dismissed for failure to identify others similarly situated to the plaintiff who received different treatment by the defendants.

### THIRTEENTH DEFENSE

Plaintiff's due process claim is barred by the existence of an adequate state law remedy.

### FOURTEENTH DEFENSE

The defendants deny the existence of any conscience-shocking actions.

### FIFTEENTH DEFENSE

The plaintiff has failed to plead the requisite elements of a claim pursuant to G.L. c.93, §102.

### SIXTEENTH DEFENSE

The plaintiff has failed to exhaust his administrative remedies.

### SEVENTEENTH DEFENSE

Count I is barred because mandamus may not be used to compel a local officer or board to render a discretionary decision in a particular manner.

### EIGHTEENTH DEFENSE

The action advanced by the plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS,

By their attorney,

*[signature]*

Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

206662/Metg/0502

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 12/1/03

*[signature]*

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

December 1, 2003

BY HAND

Clerk
U.S. District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   Panagakos v. Fostin, et al.
      (Town of Fairhaven)
      United States District Court, C.A. No. 03-CV-12278-WGY

Dear Sir/Madam:

Enclosed for filing in the above-referenced matter, please find the Answer.

Thank you for your attention to this matter. Please call me if you have any questions.

Very truly yours,

Katharine Goree Doyle

KGD/cmt
Enc.
cc:   Board of Selectmen
      Gregory J. Koldys, Esq.
      Thomas Crotty, Esq.
      Daniel Morrison, Esq. (MAS – 0035437)
208002/Metg/0502