UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 03-CV-12278WGY

MICHAEL W. PANAGAKOS, )
                                          )
    Plaintiff                   )
                                          )    **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**
vs.                                  )    **REGARDING PLAINTIFF'S EXHAUSTION OF**
                                          )    **ADMINISTRATIVE REMEDIES**
WAYNE FOSTIN, individually and as )
Building Inspector of the Town of )
Fairhaven, and the TOWN OF )
FAIRHAVEN, )
                                          )
    Defendants        )

Pursuant to the order of the Court, Plaintiff respectfully submits this supplemental memorandum on the issue of plaintiff's exhaustion of administrative remedies.

The complaint in this action was filed on October 23, 2003 after months of efforts by plaintiff to obtain a building permit to construct a building on his land located at Bridge Street and Alden Road in Fairhaven, Massachusetts. At the time of filing the complaint, plaintiff had not pursued any administrative remedy because the defendant, Wayne Fostin ("Fostin") had not issued any final denial of plaintiff's permit applications.

On November 5, 2003, the Bristol County Superior Court, Connor, J. issued an injunction directing Fostin to provide a written decision to plaintiff either granting or denying plaintiff's application. Fostin issued a written denial of plaintiff's application on November 19, 2003. A copy is attached hereto as **Exhibit 1**. Once Fostin issued his denial, plaintiff pursued his administrative remedies by filing an appeal of the denial with the Fairhaven Board of Appeals and with the State Board of Building Regulations.[1] Copies of said appeals are attached hereto as **Exhibit 2** and **3** respectively.

---

[1] An appeal was brought to both because Fostin's denial of plaintiff's permit was based in part on zoning issues and in part on Building Code issues. Zoning issues were within the purview of the Board of Appeals. The Building code issue was within the jurisdiction of the State Board of Building Regulations.

The instant case remained pending without activity other than the removal to this Court by defendants on November 17, 2003.

Plaintiff pursued both the Board of Appeals and the State Board of Building Regulations appeals. The Fairhaven Board of Appeals held a hearing on February 3, 2004 at which they voted to uphold Fostin's denial of plaintiff's permit. A copy of said decision is attached as **Exhibit 4**. The State Board held a hearing on January 27, 2004. They issued no decision but clarified the issue of whether an architect could serve the function of a licensed construction supervisor, indicating that a licensed architect could serve as a construction supervisor. The State Board also clarified that controlled construction procedures could be used for the plaintiff's project, thereby supporting plaintiff's position that his project could use controlled construction and that he did not need a licensed construction supervisor. The matter was continued to April 27, 2004 to see if the issues between plaintiff and the town would be resolved. On April 27, 2004 plaintiff withdrew the appeal based on the Board's previous clarification of those matters involving the Building Code; namely that controlled construction would apply and that an architect could serve in place of a construction supervisor.

Plaintiff's action for mandamus is based, in part, on the theory that defendant Fostin's refusal to issue plaintiff a building permit while purportedly based on issues of zoning, was in reality not based on noncompliance with zoning regulations but on an improper attempt to interfere with plaintiff's right to the use and enjoyment of his property and to develop that property in accordance with applicable zoning and building code provisions. The basis for that theory is defendant Fostin's rejection of plaintiff's proposed seating plan without justification or reason and his insistence on the claim that plaintiff's plans included a drive-thru window simply because of the presence of pavement around the proposed building, a condition which exists at other locations in the Town for which no drive-thru special permit was required. Fostin's denial letter also refers to the need for a kitchen plan for the Board of Health. Nothing in the Zoning Ordinances requires a kitchen plan prior to the issuance of a building permit.

If defendant Fostin's refusal to issue a permit was not legitimately based on any zoning ordinance or building code concern, the Board of Appeals would not have jurisdiction to hear an appeal and there would be no administrative remedy available, making plaintiff's mandamus claim appropriate. See: e.g Ouellette v Building Inspector of Quincy, 362 Mass 272 (1972).

Notwithstanding plaintiff's position regarding the real basis for Fostin's denial and assuming that the bare mention of zoning issues is sufficient to allow a Board of Appeals review, once defendant Fostin issued his denial of the permit in accordance with the injunction issued by the Superior Court, plaintiff did exhaust his administrative remedies. Massachusetts General Laws c. 40A §8 and the Zoning Ordinances of Fairhaven direct plaintiff to the Board of Appeals. Plaintiff filed his appeal with the Board of Appeals within fifteen (15) days after the denial of his permit application, well within the thirty (30) day period provided by Massachusetts General Laws c. 40A §§ 13, 15. The Board conducted its hearing and denied plaintiff's appeal. There was no further administrative remedy available to plaintiff.

Plaintiff acknowledges that he did not directly appeal the decision of the Board of Appeals in the manner described in Massachusetts General Laws c. 40A §17 in that he already had an action pending in the Superior Court regarding the denial of his permit application. His administrative remedies had been exhausted. The rationale behind requiring exhaustion of administrative remedies is to promote the proper relationship between the Court and administrative agencies charged with particular regulatory duties. Banquer Realty Co., Inc. v. Acting Bldg. Com'r of Boston, 389 Mass 565. That rationale is satisfied in this case. The administrative process has been followed and exhausted and court action was plaintiff's only remaining resort. This court action was already pending and the Town of Fairhaven was aware of it.

Because this action was already pending seeking, in part, a writ of mandamus requiring the issuance of a permit, and because plaintiff's only available resort after the decision of the Board of Appeals was to the Court, plaintiff did not commence a subsequent court action to appeal the decision of the Board of Appeals, intending to bring that claim forward in this action.

MICHAEL W. PANAGAKOS,<br>
By his attorney,<br><br>

_____<br>
Gregory J. Koldys<br>
MICKELSON • BARNET, P.C.<br>
30 Cornell Street<br>
New Bedford, MA  02740<br>
Telephone (508) 993-8800<br>
BBO #276840

Dated: November 2, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record by mail this 2nd day of November, 2004.

_____<br>
Gregory J. Koldys

D/PANAGAKOS/VS. TOWN OF FAIRHAVEN/SUPPLE MEMO



# Town of Fairhaven
## Massachusetts
### OFFICE OF THE
### BUILDING DEPARTMENT

TOWN HALL
40 Center Street
Tel. (508) 979-4019
FAX: 979-4079



EXHIBIT
1

**Wayne Fostin**
Building Commissioner

November 19, 2003

Michael Panagakos
914 Mt. Pleasant Street
New Bedford, MA 02740

**Re: Building Permit Application – Alden Road & Bridge Streets**

Dear Sir:

Your application for building permit dated April 7, 2003 is denied. Your permit is deficient in the following areas:

1. Special Permit for drive-thru window
2. Kitchen plan for the Board of Health
3. License Construction Supervisor must apply for permit

For further explanation as to the reasons for denial, please see my correspondence dated April 30, 2003 and May 23, 2003. Please note you have the right to appeal my decision in this matter to the Fairhaven Board of Appeals pursuant to Massachusetts General Laws Chapter 40A.

Very truly yours,
FAIRHAVEN BUILDING DEPT.

Wayne Fostin
Building Commissioner

CERTIFIED MAIL# 7002 2410 0005 5812 3866

**EXHIBIT 2**

COPY

# Mickelson ♦ Barnet, P.C.
30 Cornell Street
New Bedford, MA 02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt

David S. Barnet
(1937-1994)

Gregory J. Koldys email: gjk@mickelsonbarnet.com

December 2, 2003

VIA IN-HAND

Eileen M. Lowney, Town Clerk
Town of Fairhaven
Municipal Building
40 Center Street
Fairhaven, MA 02719

RECEIVED 2003 DEC -2 P 1:49
B'D OF SELECTMEN
FAIRHAVEN MASS

Re:   Bridge Street and Alden Road

Dear Ms. Lowney:

   Enclosed please find Commerical Application for Petition for Appeal Under the Town of Fairhaven Zoning By-Laws, with letter of denial of the Building Commissioner as well as three (3) copies of the Plan. I also enclose the filing fee of $300.00 for same.

Very truly yours,

MICKELSON ♦ BARNET, P.C.

Gregory J. Koldys

GJK/dag
Enclosures
D/PANAGAKOS/BRIDGE-ALDEN/FAIRHAVEN-CLERK-LTR (5366)

PLEASE RETURN THIS PETITION AND THE $300.00 FEE TO THE TOWN CLERK ON OR BEFORE THE FIRST TUESDAY OF THE MONTH



Commercial Application

# TOWN OF FAIRHAVEN
# BOARD OF APPEALS

PETITION FOR APPEAL UNDER THE TOWN OF FAIRHAVEN ZONING BY – LAWS

To the Board of Appeals
Fairhaven, Ma.                                          Date __December 2, 2003__

The undersigned petitions the Board of Appeals to vary, in the manner and for the reason hereinafter set forth, the application of the provisions of the zoning ordinance to the following described premises:

Applicant __Michael W. Panagakos, 26 Bennett Road, Rochester, MA__    __(508) 998-3911__
                   Name                                                Telephone #

Owner __same__
              Name                                                     Telephone #

Lessee __N/A__
              Name                                                     Telephone #

1. Location of Premises __Bridge Street and Alden Road__

2. Assessor's Plat __36__ Lot #'s __15A, 16__ Book __4982__ Page __22__ Cert # _____

3. Dimensions Frontage __202__ Depth __192__ Area __37,300__

4. Zoning districts in which premises are located __industrial__

5. Length of ownership of premises __2 years__

6. Number and Name of buildings on lot __1 building proposed__

7. Name proposed buildings and use of same __food/retail__

8. State present use of premises __N/A__

9. Give size of existing buildings __N/A__

10. Give extent of proposed alterations __construction of new 1,350 sq. ft. building 30' x 45'__
    __as shown on plan submitted herewith__

11. Number of families for which the building is to used __N/A__

12. Have you submitted plans to the Building Inspector __✓__ YES ____ NO

13. Reason (s) for requesting   { } Variance { } Special Permit {✓} Administrative Appeal
    __Building Commission has denied building permit alleging deficiencies in plan__
    __and requirement of a licensed construction supervisor despite the application__
    __by the applicant's architect. See attached letter from Building Commissioner.__

14. Reason(s) for denial: Form to be completed by Building Commissioner and submitted with your petition.
    See attached letter from Building Commissioner

Respectfully Submitted
Owners Signature __Michael W Panagakos__ (signature)

ConCom _____    BOH _____    Planning _____

# Town of Fairhaven
## Massachusetts
### OFFICE OF THE
### BUILDING DEPARTMENT



TOWN HALL
40 Center Street
Tel. (508) 979-4019
FAX: 979-4079

**Wayne Fostin**
Building Commissioner

November 19, 2003

Michael Panagakos
914 Mt. Pleasant Street
New Bedford, MA 02740

**Re: Building Permit Application – Alden Road & Bridge Streets**

Dear Sir:

Your application for building permit dated April 7, 2003 is denied. Your permit is deficient in the following areas:

1. Special Permit for drive-thru window
2. Kitchen plan for the Board of Health
3. License Construction Supervisor must apply for permit

For further explanation as to the reasons for denial, please see my correspondence dated April 30, 2003 and May 23, 2003. Please note you have the right to appeal my decision in this matter to the Fairhaven Board of Appeals pursuant to Massachusetts General Laws Chapter 40A.

Very truly yours,
FAIRHAVEN BUILDING DEPT.

Wayne Fostin
Building Commissioner

CERTIFIED MAIL# 7002 2410 0005 5812 3866



**EXHIBIT 3**



# The Commonwealth of Massachusetts
## Department of Public Safety
## Board of Building Regulations and Standards
### One Ashburton Place, Room 1301
### Boston, Massachusetts 02108-1618
Phone (617) 727-7532
Fax (617) 227-1754

| STATE USE ONLY |
|---|
| Fee Received: _____ |
| Check No.: _____ |
| Received By: _____ |

**STATE BUILDING CODE APPEALS BOARD APPEAL APPLICATION FORM**

DOCKET NUMBER: _____   DATE: 12/9/03
State Use Only

The undersigned hereby appeals to the State Board of Building Regulations and Standards from the decision of the:

Building Official from the City/Town of: __Fairhaven__

Board of Appeals from the City/Town of: _____

Other Municipal Agency/Official entitled: _____

State Agency/Official entitled: _____
OTHER: _____

Dated: __November 19__, 20__03__, having been aggrieved by such (check as appropriate)

Interpretation ☑   Order ☐   Requirement ☑   Direction ☐
Failure to Act ☐   Other ☐   Explain __Building Commissioner requiring a Licensed Construction Supervisor despite permit application by a Licensed Architect__

(This section must be completed or the application will be returned.)

Has the building\structure been the subject of an appeal by this or any other appeals board previous to this filing? If, yes, please indicate the date of the previous appeal, whether the matter was heard before a local or state appeals board, the code section that was at issue, and the specifics of the decision (i.e. a variance was granted\not granted).

__An appeal was simultaneously filed with the Fairhaven Board of Appeals regarding the zoning ordinance aspect of the Building Commissioner's denial.__

*All appropriate code sections that are a subject of the appeal must be identified.* All *written* supporting documentation must be submitted with this application. However, the Board reserves the right to continue the proceeding if such material warrants extensive review. 780 CMR 108.3.5.2

State briefly desired relief (additional information may be attached if space is not sufficient):

Applicant is seeking a determination that he does not need a Licensed Construction Supervisor for a building project on which a licensed architect is the applicant for the building permit and a determination that the construction control provisions of 780 CMR are not prohibited on projects on which they are not required.

APPELLANT: Michael W. Panagakos

REPRSENTING: Gregory J. Koldys, Esq.

ADDRESS FOR SERVICE: Mickelson Barnet, P.C., 30 Cornell Street, New Bedford, MA 02740

Telephone No. (508) 993-8800    Fax Number: (508) 992-8031

ADDRESS OF SUBJECT PROPERTY: Bridge Street and Alden Road, Fairhaven, MA

APPELLANT'S CONNECTION TO SUBJECT PROPERTY:

owner

_____     Gregory J. Koldys
SIGNATURE OF APPELLANT/REPRESENTATIVE     NAME - PLEASE PRINT)

Please return applications to:
Program Manager
Board of Building Regulations and Standards
P.O. Box 871
Taunton, MA 02780-0871

| DESCRIPTION OF BUILDING OR STRUCTURE RELATIVE TO THE MASSACHUSETTS STATE BUILDING CODE (7th EDITION): (Check as appropriate) |
|---|

If the building is a One or Two Family Dwelling, proceed to section entitled "Brief Description of the Proposed Work". <u>Do not complete the tables below for one and two family dwellings.</u>

| DESCRIPTION OF PROPOSED WORK (check all applicable) | | | | |
|---|---|---|---|---|
| New Construction ✓ | Existing Building | Repair(s) | Alteration(s) | Addition |
| Accessory Bldg. | Demolition | Other   Specify: | | |

Brief Description of Proposed Work:
Construction of a new commerical building of 1,350 sq. ft. and related parking and landscaping. Said building to be steel and masonry

| USE GROUP AND CONSTRUCTION TYPE | | | | | |
|---|---|---|---|---|---|
| USE GROUP (Check as applicable) | | | | CONSTRUCTION TYPE | |
| A Assembly | A-1 | A-2 | A-3 | 1A | |
|  / | A-4 | A-5 | | 1B | |
| B Business ✓ | | | | 2A | |
| E Educational | | | | 2B | |
| F Factory | F-1 | F-2 | | 2C | |
| H High Hazard | | | | 3A | |
| I Institutional | I-1 | I-2 | I-3 | 3B | |
| M Mercantile | | | | 4 | |
| R Residential | R-1 | R-2 | R-3 | 5A | |
| S Storage | S-1 | S-2 | | 5B | |
| U Utility | Specify: | | | | |
| M Mixed Use | Specify: | | | | |
| S Special Use | Specify: | | | | |

| COMPLETE THIS SECTION IF EXISTING BUILDING UNDERGOING RENOVATIONS, ADDITIONS AND/OR CHANGE IN USE | |
|---|---|
| Existing Use Group: | Proposed Use Group: |
| Existing Hazard Index (780 CMR 34): | Proposed Hazard Index (780 CMR 34): |

| BUILDING HEIGHT AND AREA | | |
|---|---|---|
| BUILDING AREA | Existing (if applicable) | Proposed |
| Number of Floors or stories include basement levels | | 1 |
| Floor Area per Floor (sf) | | 1,350 sq. ft. |
| Total Area (sf) | | 1,350 sq. ft. |
| Total Height (ft) | | 17.8 feet |

<u>Brief Description of the Proposed Work:</u>
Construction of a 1,350 sq. ft. steel and masonry commerical building with appropriate parking and landscaping.

# STATE BUILDING CODE APPEALS BOARD - SERVICE NOTICE

I, __Gregory J. Koldys__, as __attorney__ for the

Appellant/Petitioner __Michael W. Panagakos__ in an appeal filed with the State

Building Code Appeals Board on __December__ 20__03__

HEREBY SWEAR UNDER THE PAINS AND PENALTIES OF PERJURY THAT IN ACCORDANCE WITH THE PROCEDURES ADOPTED BY THE STATE BOARD OF BUILDING REGULATIONS AND STANDARDS AND SECTION 122.3.1 OF THE STATE BUILDING CODE, I SERVED OR CAUSED TO BE SERVED, A COPY OF THIS APPEAL APPLICATION ON THE FOLLOWING PERSON(S) IN THE FOLLOWING MANNER:

| NAME AND ADDRESS OF PERSON/AGENCY SERVED | METHOD OF SERVICE | DATE OF SERVICE |
|---|---|---|
| Wayne Fostin, Building Commissioner, Town of Fairhaven 40 Centre Street, Fairhaven, MA 02719 | Certified Mail - Return Receipt Requested | 12/9/03 |

Signature: APPELLANT/PETITIONER  Gregory J. Koldys, Attorney for Appellant

On the __9th__ Day of __December__ 20__03__ PERSONALLY APPEARED

BEFORE ME THE ABOVE NAMED __Gregory J. Koldys__
(Type or Print the Name of the Appellant)

AND ACKNOWLEDGED AND SWORE THE ABOVE STATEMENTS TO BE TRUE.

NOTARY PUBLIC
Debra A. Gauvin

August 21, 2009
MY COMMISSION EXPIRES

TOWN OF FAIRHAVEN
# BOARD OF APPEALS
Town Hall, Fairhaven, Mass. 02719

February 3, 2004

The Fairhaven Board of Appeals met on February 3, 2004 at 6:00 PM at the Fairhaven Town Hall. Members present were: Mr. Borelli, Mr. Holmes, Mr. Eckenreiter, Mr. Kalife, Mr. Lopes, Ms. Cochran, Mr. Morgida and Mr. DeTerra. The following petition was continued from the previous meeting of January 6, 2004:

<u>Petitioner</u>    Michael Panagakos    NE Corner of Alden Rd & Bridge St    Plat 36, Lots 15A, 16    Book #4982 Page #22
Administrative Appeal

The petition was read. There were 17 abutters notified. Attorney Greg Koldys, New Bedford represented the petitioner. He states the Building Commissioner has denied a building permit alleging deficiencies in the plan and requirement of a licensed construction supervisor despite the application by the applicant's architect. The letter of notification by the Building Commissioner to the Mr. Panagakos is attached. Mr. Koldys stated the initial plans were filed April 2003 and showed a menu board on the site plan. The Building Commissioner noting this stated that a Special Permit for a drive-thru from the Planning Board should be secured first. Mr. Koldys stated the plans were generic in type meant for speculation building and indicate a fast-food restaurant with a drive-thru window to represent the most restrictive use of the property. The speculation building will be a shell and should a drive-thru window and lane be required by the prospective tenant, they would seek that Special Permit prior to any Certificate of Occupancy (CO) by the Town. The Building Commissioner's denial was also based on plan submittal for a detailed kitchen of the fast food restaurant to the Board of Health. The Building Commissioner stated he could not issue a building permit for a proposed restaurant without Board of Health sign off. Mr. Koldys restated that if the perspective tenant was to actually be a fast food restaurant they would supply the proper kitchen design to the Board of Health prior to receiving a CO. A third issue for the denial by the Building Commissioner was resolved by the court regarding the use of an architect for granting of a building permit. The court has stated that as long as the architect states in writing that he will have a construction supervisor on site during construction, the Building Commissioner may issue the building permit to the architect under Massachusetts law. Site plans were presented by Mr. Koldys.

In Favor: 1  Opposed: 0

Mr. Lopes asked for a motion to grant the Administrative Appeal and in effect override the Building Commissioner's decision not to grant the building permit.

A motion was made to grant the Administrative Appeal by Mr. Eckenreiter; seconded by Mr. Holmes.

Mr. DeTerra stated he wanted to hear what Building Commissioner Fostin had to say on the matter. Mr. Fostin stated that upon review by him and Town Counsel it was noted that Mr. Panagakos had submitted one set of plans to the Building Department and another to Town Counsel. Counsel noted the only change in the plans was the removal of the menu board. The "drive thru" lane still exists. The initial set of plans presented to the Building Department was also before the Board for review.
Ms. Cochran asked Mr. Fostin what the past procedure for this would be. Mr. Fostin stated the Town By-Laws require a drive thru lane to secure a Special Permit from the Planning Board and he cannot issue a building permit without that. Traditionally the Board of Health will review the proposed restaurant facility for compliance with regulations.
Mr. Holmes asked if Mr. Panagakos knew who the tenant would be. He stated it is a speculation building.
Mr. Koldys stated the drive-thru is actually a delivery lane.
Mr. Panagakos stated his business puts up speculation buildings and lists fast food restaurants because they are the most site restrictive for zoning. Should the tenant turn out to be simply retail then the most restrictive zoning issues would not be required. He stated that should the tenant not be in compliance with Town By-Laws the Town would act to cease the operation immediately as the Town has that authority. The delivery lane is actually access to the rear of the building. The site is very restricted due to setbacks. This is the most comprehensive use of the site. The only thing known regarding placement of utilities in the building is the bathroom locations.
Mr. Koldys asked if there were actually any zoning regulation violations in the set of plans as presented.
Mr. Holmes asked Mr. Panagakos if he would know whom the tenants might be before he actually built the building.
Mr. Panagakos stated 90% of his tenant are not food related.
Mr. Borelli asked if the site is not fast food and the delivery lane use is not allowed because it is too close to the building and would create a safety and fire hazard. How does this affect the proposal. He also noted the curb cuts on the two sets of plans were very different along with other items. He stated Mr. Panagakos' statement of having one type of tenant but accepting another is very confusing to the use of the site.



# TOWN OF FAIRHAVEN
## BOARD OF APPEALS
Town Hall, Fairhaven, Mass. 02719

Mr. Panagakos stated he was willing to remove the "fast food restaurant" statement from the site plan if this would help the Board.
Mr. Lopes stated the plans are not representative and do not match the plans presented in January to this Board for variances from setback regulations.
Mr. Panagakos stated there are two sets of different plans running simultaneously. One set presented to the Building Department in 2003 did not require any variances from zoning regulations and that is the plan before the Board today. The other plan is an alternative with a larger building and requiring sideline and parking variances. This is the plan the Board approved in January 2004. The reason the plans are presented in tandem is that they do not know which plan will be acceptable to the prospective tenant and which plan will have full approval first.
Ms. Cochran then asked if the variances the Board granted at the January 2004 hearing were for either of the plans presented tonight. Mr. Koldys replied the plans presented tonight are zoning compliant. They will decide which site plan to use as they proceed with both plans.
Mr. Panagakos stated he believed that even if he scratched out the "fast food restaurant" detail Mr. Fostin would still have a problem with the plan. If it would be acceptable to Mr. Fostin then the Administrative Appeal would not be needed.
Ms. Cochran asked if the Planning Board would review the plan. Mr. Fostin stated no because there are less than 10 parking spaces required for the proposal. There is no site plan review.
Mr. Panagakos asked Mr. Fostin if he removed the fast food restaurant detail would Mr. Fostin grant the building permit. Mr. Fostin stated the drive thru or delivery lane as it has been called is still just one foot away from the structure where a window is located. This does not comply with Town Zoning By-Laws and he cannot issue a building permit.
Mr. Panagakos stated he came to the Board of Appeals because the court stated he must exhaust the Administrative Appeal process.

Mr. Lopes restated that a vote to grant the Administrative Appeal would mean the Board is overruling the Building Commissioner's decision to not issue a building permit. To deny the Administrative Appeal would mean the Board upholds the Building Commissioner's decision not to issue a building permit.

Mr. Koldys commented that the issue is not overruling Mr. Fostin but whether or not the Building Commissioner's decision is correct in context of the zoning by-laws.
Mr. Eckenreiter stated that the petitioner has indicated he is willing to strike out the "fast food restaurant" detail.

Members voting to grant the Administrative Appeal: Mr. Holmes, Mr. Eckenreiter
Members voting not to grant the Administrative Appeal: Mr. Borelli, Ms. Cochran & Mr. Morgida

The Board voted 3-2 Not to grant the Administrative Appeal for the following reasons:
1.0 The Board believed that over ruling the building inspector would derogate from the intent and purpose of the Bylaws.
2.0 A decision to grant the administrative appeal would set an undesirable precedent and would not be in the best interests of the Town of Fairhaven.

*Curtis L. Lopes*
Curtis L. Lopes
Chairman