UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 03-CV-12278-JLA

MICHAEL W. PANAGAKOS,

     Plaintiff

v.

WAYNE FOSTIN, individually and as
Building Inspector of the Town of Fairhaven,
TOWN OF FAIRHAVEN,

     Defendant

DEFENDANTS' RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM

Defendants Town of Fairhaven and Wayne Fostin hereby respond to the Plaintiff's

Supplemental Memorandum as follows:

     1.    The plaintiff in this action, Michael Panagakos filed a six-count complaint in Bristol

Superior Court against the Building Inspector of the Town of Fairhaven, Wayne Fostin

("Building Inspector") and the Town of Fairhaven ("Town").

     2.    The claims against the defendants were as follows: a writ of mandamus to issue a

foundation and building permit (Count I); violations of the plaintiff's right to due process and

equal protection under the law under the Fourteenth Amendment to the U.S. Constitution

(Counts II, III); violations of the Massachusetts Equal Rights Act (Count IV); allegations of civil

conspiracy (Count V); and a request for declaratory judgment as to whether he was entitled to a

building permit (Count VI).

     3.    On or about November 17, 2003, the defendants filed a Notice of Removal to the

United States District Court.

     4.    On or about March 5, 2004, the defendants filed a partial motion for judgment on

the pleadings.  This Court allowed in part and denied in part the motion on September 29, 2004,

dismissed all federal claims from the Complaint, leaving only the state laws claims. Specifically, the Court dismissed Count I with respect to any request for a writ of mandamus for a foundation permit and Counts II-V in their entirety. The Court invited the parties to file a supplemental memorandum of law with regard to whether the plaintiff had exhausted his administrative remedies before seeking the writ of mandamus with regard to a building permit (Count I).[1]

4.     One seeking administrative action must pursue and exhaust the remedy provided for such administrative procedure before he can maintain a petition for a writ of mandamus. Karl v. Wolsey Co., Inc., 324 Mass. 419, 422, 86 N.E.2d 644 (1949). Mandamus is properly denied where the plaintiff fails to exhaust administrative remedies. Holbrook v. Board of Selectmen of East Bridgewater, 354 Mass. 756, 238 N.E.2d 366 (1968).

5.     In the plaintiff's supplemental memorandum, he admits that he appealed the denial of the building permit to the Town of Fairhaven Zoning Board of Appeals ("ZBA"), with respect to the zoning reasons for the denial of the building permit, and the State Building Code Appeals Board ("BCAB"), with respect to the denial of the building permit on the grounds of interpretation of the State Building Code, 780 CMR . The plaintiff further admits that the ZBA affirmed the determination of the Building Inspector and that he failed to take an appeal pursuant to G.L. c.40A §17 of the decision of the ZBA. In addition, he states that although the BCAB

---

[1] Although the declaratory judgment count in Count VI was not before the Court in the Partial Motion for Judgment on the Pleadings, the defendants note that the same arguments made with regard to the mandamus claim herein largely apply to the request for declaratory relief, as declaratory relief is barred as a means of avoiding the "exclusive" nature of the remedy provided by G.L.c. 40A §17 and exhaustion of administrative remedies is required prior to seeking declaratory relief. Garabedian v. Westland, 59 Mass.App.Ct. 427, 796 N.E.2d 439 (2003) ("[o]rders of public officials are not generally appropriate subject matter for declaratory judgment, if, as in the case of a building inspector, there are administrative remedies to exhaust."); Iodice v. Newton, 397 Mass. 329, 332-335, 491 N.E.2d 618 (1986) (timely appeal under G.L. c.40A §17 provides exclusive remedy for appeal of Board of Appeals' decision and precludes declaratory judgment).

agreed with the plaintiff's position (he provides no written documentation of such agreement), he elected to withdraw his appeal before the BCAB.

6.     The plaintiff's failure to pursue a timely G.L. c. 40A §17 appeal of the ZBA's decision bars him from collaterally attacking the basis for it.  Any challenge to the ZBA's decision is exclusively governed by G.L. c.40A §17:

> Any person aggrieved by a decision of the board of appeals or any special permit granting authority...may appeal to the land court department, the superior court department in which the land concerned is situated...by bringing an action <u>within twenty days</u> after the decision has been filed in the office of the city or town clerk...<u>The foregoing remedy shall be exclusive</u>...

G.L. c.40A §17 (emphasis supplied); <u>Elder Care Services, Inc.</u> v. <u>Zoning Bd. of Appeals of Hingham</u>, 17 Mass.App.Ct. 480, 482, 459 N.E.2d 832 (1984) (statutory appeal is exclusive remedy); <u>Homstead</u> v. <u>Town of Whately</u>, 11 Mass.App.Ct. 985, 418 N.E.2d 356 (1981)(same); <u>see also</u> <u>Neuhaus</u> v. <u>Building Inspector of Marlborough</u>, 11 Mass.App. 230, 232-235, 415 N.E.2d 235 (1981) (mandamus replaced as means of obtaining enforcement against zoning violations by Zoning Act requiring appeal of Building Inspector's decision through G.L. c.40A §§8 and 15 appeal to Board of Appeals, then review of Board of Appeals' decision pursuant to G.L. c.40A §17). Mandamus is an extraordinary remedy available only in the absence of any other effective remedy.  <u>Doherty</u> v. <u>Retirement Bd.</u>, 425 Mass. 130, 135, 680 N.E.2d 45 (1997).  The fact that an alternative remedy is time barred is insufficient grounds to warrant mandamus relief.  <u>Thayer</u> v. <u>Clerk of Dist. Court</u>, 421 Mass. 1001, 652 N.E.2d 896 (1995).

7.     Similarly, the plaintiff's decision to withdraw his appeal before the BCAB bars him from challenging the Building Inspector's denial because he deliberately failed to exhaust his administrative remedies.  <u>See</u> 780 CMR 122.1 (describing appeal to BCAB from decision of local official).  A party to a controversy within the exclusive jurisdiction of an administrative agency must exhaust his administrative remedies before initiating court action.  <u>See</u> <u>J. & J.</u>

Enterprises, Inc. v. Martignetti, 369 Mass. 535, 539-540, 341 N.E.2d 645 (1976);  Murphy v.

Administrator of Div. of Personnel Admn., 377 Mass. 217, 220, 386 N.E.2d 211 (1979);

Massachusetts Respiratory Hosp. v. Department of Pub. Welfare, 414 Mass. 330, 337, 607

N.E.2d 1018 (1993).  The principle applies whether the party failed to resort to the administrative

process or administrative proceedings are pending at the time of suit.  Kelly K. v. Town of

Framingham, 36 Mass.App.Ct. 483, 633 N.E.2d 414 (1994).  "This doctrine enables the agency

to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to

correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy,

and judicial economy."  Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1094 (1st

Cir.1989).  The plaintiff's decision to withdraw his appeal before the BCAB is somewhat

mystifying in light of his representation that the BCAB indicated it agreed with his position.  He

must, however, live with the consequences of his strategic decision to withdraw the appeal and

the impact on his request for a writ of mandamus in Count I of the Complaint (and declaratory

judgment in Count VI).  A writ of mandamus is an extraordinary remedy and may only be used

in the absence of alternative remedies.  Doherty, 425 Mass. at 135.  The plaintiff had an

alternative remedy, but chose not to exercise it for his own reasons.  His conscious to cut off his

own alternative remedy does not entitle him to mandamus relief.

DEFENDANTS,

By their attorneys,

  /s Katharine Goree Doyle_____
Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

233189/Metg/0502