UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2003-CV-12278-JLA

MICHAEL W. PANAGAKOS,
Plaintiff

V.

TOWN OF FAIRHAVEN AND WAYNE FOSTIN,
Defendants

**SUPPLEMENTAL ORDER ON**

**THE DEFENDANTS' PARTIAL MOTION FOR
JUDGMENT ON THE PLEADINGS
(Docket # 11)**

ALEXANDER, M.J.

On September 29, 2004, this Court issued its Order on the Defendants' Motion for Judgment on the Pleadings ("September 29th Order"). The September 29th Order allowed in part and denied in part, without prejudice, the defendants' motion, and directed the parties to submit supplemental memoranda on one outstanding issue. The parties duly submitted their respective memoranda, and the Court held a hearing on November 19, 2004. For the reasons set forth more fully below, the portions of the defendants' motion for judgment on the pleadings that were previously denied without prejudice are hereby ALLOWED.

**BACKGROUND**

The plaintiff, Michael Panagakos, sought foundation and building permits for a proposed building on property that he owns in Fairhaven, Massachusetts. The town building inspector, defendant Wayne Fostin, refused to issue the permits for a variety of reasons, and Mr. Panagakos eventually filed a lawsuit against Mr. Fostin and the Town of Fairhaven (collectively, "the defendants"). The September 29th Order dealt, in part, with matters related to the foundation permit, and the only remaining claims in the case concern the denial of Mr. Panagakos's building permit. More specifically, the issue with which the Court is herein concerned is whether Mr. Panagakos exhausted his administrative remedies following the denial of the building permit and before seeking review in this Court.

Mr. Panagakos initially filed his complaint against the defendants on October 23, 2003, in Massachusetts state court in the Bristol County Superior Court. At the time, Mr. Fostin had not yet issued a final decision on Mr. Panagakos's permit application, and the Superior Court therefore directed Mr. Fostin to either issue or deny in writing the application. Mr. Fostin thereafter issued, on November 19, 2003, a written denial of the application. Additionally, on the basis of claims in Mr. Panagakos's complaint alleging violations of his civil rights, the defendants removed the case to federal court on November 17, 2003.

Mr. Panagakos thereafter filed an appeal of the denial with the Fairhaven Board of Appeals, on zoning issues, and with the State Board of Building Regulations ("BBR"), on building code issues. The Board of Appeals held a hearing on February 3, 2004, and voted to uphold Mr. Fostin's denial of the permit. The BBR also held a hearing, on January 27, 2004, but did not issue a decision. The matter was continued to April 27, 2004, but Mr. Panagakos withdrew his appeal on that date. Prior to Mr. Panagakos's withdrawal of his appeal before the BBR, the defendants filed their motion for partial judgment on the pleadings.

**ANALYSIS**

Mr. Panagakos's complaint seeks, *inter alia*, a writ of mandamus directing the defendants to issue the building permit. As discussed in the September 29th Order, the writ of mandamus is an extraordinary remedy. It is only appropriate when no other adequate remedy is available. Mayburg v. Sec'y of Health & Human Servs., 740 F. 2d 100, 107-08 (1st Cir. 1984) (citations omitted). This Court will therefore only issue a writ of mandamus requiring the defendants to issue Mr. Panagakos a building permit if Mr. Panagakos has no other adequate remedy.

Under Massachusetts' zoning law,

> [a]ny person aggrieved by a decision of the board of appeals . . . may appeal to the land court department, the superior court department in which the land concerned is situated . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk. . . . The foregoing remedy shall be exclusive.

Mass. Gen. Laws ch. 40A § 17 (2003 ed.). Although Mr. Panagakos appealed the denial of his building permit to the Board of Appeals, he did not, after the Board of Appeals upheld the denial, "appeal to the land court department" as required by statute. The failure to follow the requirements of the statute proves fatal to that portion of the building permit that involves zoning matters. See Church v. Bldg. Inspector of Natick, 343 Mass. 266, 267 (1961) (affirming trial court's denial of writ of mandamus and dismissing petition on basis that, inter alia, plaintiff had "failed to avail himself of the provisions of the statute and of the building code by appeal") (internal citations omitted).

Mr. Panagakos asserts that because this current lawsuit against the defendants was already pending when the Board of Appeals upheld the denial of the building permit, he did not have to appeal the Board of Appeals decision as required by ch. 40A, § 17. The Court does not agree. When Mr. Panagakos initially filed suit, in October 2003, Mr. Fostin had not yet acted on Mr.

Panagakos's application for a building permit.  The Bristol County Superior Court ordered Mr. Fostin to act on the application "so that [Mr. Pangakos] may if aggrieved proceed to the Zoning Board of Appeals . . . which would be his sole remedy."  Order of Connor, J., November 5, 2003.  Mr. Panagakos's sole remedy after proceeding to the Board of Appeals was to appeal to the land court department.   This he did not do.  Moreover, the fact that he had previously filed a lawsuit that had, by that time, been removed to federal court, does not save him.  If Mr. Panagakos was concerned that the current case would continue to move forward while an appeal to the land court was pending, he could have filed a motion to stay the proceedings in this court.

Mr. Panagakos's actions before the BBR, relevant to the portion of the building permit that involve building code matters, are equally fatal.  Under Massachusetts law, administrative remedies must be exhausted before a court can consider issuing a writ of mandamus.  See, e.g., Holbrook v. Bd. of Selectmen of East Bridgewater, 354 Mass. 769, 770 (Mass. 1968) (upholding denial of mandamus because plaintiff had not exhausted administrative remedies).

Although Mr. Panagakos appropriately filed an appeal with the BBR, he withdrew that appeal before the BBR issued a decision.  Mr. Panagakos asserts that after the initial hearing before the BBR, the BBR seemed to agree with him on

the building code issues, indicating, in particular and according to Mr. Panagakos, that a licensed architect could serve as a construction supervisor. The BBR did not, however, issue a decision, and it continued the matter for further hearing. On the date scheduled for further hearing, Mr. Panagakos withdrew his appeal. By withdrawing his appeal before the BBR issued a decision, Mr. Panagakos did not let his administrative remedies run their course.

**CONCLUSION**

For these reasons, the Court ALLOWS those portions of the defendants' partial motion for judgment on the pleadings that were previously denied without prejudice in the September 29th Order.[1] Furthermore, because this Order and the September 29th Order, when taken together, dispose of all of the claims in Mr. Panagakos's complaint, the case is hereby DISMISSED.

SO ORDERED.

| | |
|---|---|
| 2/3/05 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |

---

[1] On the basis of this Order and the September 29th Order allowing the defendants' partial motion for judgment on the pleadings, the Court also hereby dismisses the plaintiff's claim for declaratory judgment.